Kenneth L. WHITAKER and Linda C. Whitaker, Plaintiffs–Appellants,

v.

ASSOCIATED CREDIT SERVICES, INC., et al., Defendants,

Trans Union Corporation, Defendant–Appellee.

No. 91–5395.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 10, 1991.

Decided Oct. 17, 1991.

John W. Hays, briefed, and Warren J. Hoffman, Brown, Todd & Heyburn, Lexington, Ky., for plaintiffs-appellants.

Monica L. Thompson, briefed, Keck, Mahin & Cate, Chicago, Ill. and Linda Gosnell, briefed, Rosenbaum & Rosenbaum, Lexington, Ky., for defendant-appellee.

Before MARTIN and MILBURN, Circuit Judges; and JOINER, Senior District Judge [*].

MILBURN, Circuit Judge.

Plaintiffs-appellants Kenneth L. Whitaker and Linda C. Whitaker appeal from the district court's order entered February 21, 1991, setting aside a judgment entered pursuant to Federal Rule of Civil Procedure 68 in favor of plaintiffs in the amount of $500,000, and substituting a corrected offer of judgment for $500 for the original $500,000 offer of judgment. The sole issue in this case is whether the district court abused its discretion in granting defendant Trans Union's motion to set aside the judgment of $500,000 entered pursuant to Federal Rule of Civil Procedure 68. For the reasons that follow, we affirm.

[*] Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of

### I.

Plaintiffs Linda C. and Kenneth L. Whitaker, residents of Cynthiana, Kentucky, filed an action against Trans Union Corporation ("Trans Union") on September 28, 1990, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Trans Union is one of six defendants named in the underlying claim; however, this appeal applies only to Trans Union.

In their complaint, plaintiffs allege that Trans Union, a consumer credit reporting agency, violated FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of reports relating to plaintiffs' credit worthiness resulting in denial of a $3,500 bank loan, failing to disclose all the information in their credit reports to plaintiffs as plaintiffs requested, and failing to investigate and delete false or incorrect information within a reasonable period of time. Before filing their action, plaintiffs made several attempts through their attorney to have Trans Union correct alleged inaccuracies in their credit reports, but they did not make demands for any monetary compensation. Thereafter, when Trans Union failed to give plaintiffs a satisfactory response, plaintiffs filed the underlying action against Trans Union.

On November 4, 1990, at the direction of Trans Union, Monica Thompson, Trans Union's counsel in Chicago, Illinois, drafted an offer of judgment pursuant to Federal Rule of Civil Procedure 68 to be transmitted to Linda Gosnell, Trans Union's trial counsel in this matter. The amount to be offered to plaintiffs was $500. However, the first draft of the offer contained a typographical error showing the amount of the offer to be "$500,000." On the second draft, a temporary secretary typed the amount of the offer as "$500,000." This error went undetected, and the offer was then transmitted to Ms. Gosnell, who also failed to detect the mistake. Ms. Gosnell then filed the erroneous offer of judgment with the clerk of the United States District

Michigan, sitting by designation.

Court and mailed a copy of it to plaintiffs' counsel, who received it on November 21, 1990, the Wednesday before Thanksgiving. The following Monday, or on November 26, 1990, plaintiffs delivered a Notice of Acceptance of Offer of Judgment to the clerk of the court and sent a copy to Ms. Gosnell. The clerk then signed a judgment for $500,000 that same day, or on November 26, 1990, in favor of the plaintiffs against defendant Trans Union.

When Ms. Gosnell received plaintiffs' acceptance, she noticed the typographical error and immediately called plaintiffs' counsel to inform him of the mistake. The same day she sent a corrected offer of judgment in the amount of $500 to plaintiffs' counsel. As plaintiffs refused to agree to a substitution of the corrected offer of judgment, Trans Union filed a motion on November 27, 1990, pursuant to Federal Rule of Civil Procedure 60(a) and (b), to set aside the judgment of $500,000 and to substitute in its place an offer of judgment for $500 pursuant to Federal Rule of Civil Procedure 68.

A hearing on the motion was held February 19, 1991. The record is clear that at no time did Trans Union intend to offer any amount other than $500, and that both Ms. Thompson and Ms. Gosnell believed the Rule 68 offer of judgment sent to plaintiffs' counsel stated an offer of judgment for $500 only.

Finding that the error was "just too big a mistake to ignore"; that plaintiffs had made no demands for money prior to the instigation of their action against Trans Union; that Trans Union never had any intention to offer $500,000; and that to allow the judgment to stand would be unjust, the district court set the $500,000 judgment aside and substituted the offer of judgment for $500 for the original Rule 68 offer of judgment. In addition, at the request of plaintiffs' counsel, the court deemed the offer of judgment for $500 to have lapsed as of November 26, 1990, thereby constituting a rejection of the offer.

## II.

### A.

■ It is well-established that a district court's decision to set aside a judgment under Federal Rule of Civil Procedure 60 will not be reversed absent the abuse of the sound discretion of the court. *Esquire Radio & Electronics v. Montgomery Ward & Co.*, 804 F.2d 787, 796 (2d Cir.1986). *See also Overbee v. Van Waters & Rogers,* 765 F.2d 578, 580 (6th Cir.1985); and *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986).

### B.

■ Federal Rule of Civil Procedure 60(a) allows clerical mistakes in judgments arising from oversight or omission to be corrected by the court at any time on its own initiative or on a motion of any party. Federal Rule of Civil Procedure 60(b)(1) allows the court to set aside a judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. Furthermore, in exercising its discretion under Rule 60(b), this court may consider applicable principles of equity. *DiVito v. Fidelity & Deposit Co.*, 361 F.2d 936 (7th Cir.1966).

In this case, it is undisputed that there has been a clerical error resulting from a mistake and inadvertence which resulted in an erroneous judgment. The original offer of judgment was to be for $500.00, but due to the clerical error which was not discovered by Trans Union, it was erroneously transmitted as $500,000.

■ We have not been able to find any cases directly on point dealing with Rule 60(a) and Rule 60(b)(1). However, it is well-established that while gross negligence is generally not enough to set aside a judgment under Rule 60(b)(1), mistakes made as a result of excusable neglect may be set aside, especially if under the circumstances it would be equitable to do so. *See* 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2858 (1973).

While the mistake made in this case by Trans Union's attorneys is serious, it is understandable. As plaintiffs' attorney

stated at the hearing on Trans Union's motion, "when I first received word ... as to [defendant's] explanation as to what happened to this offer of judgment, the first thing that came to mind was there by the grace of God go I." More importantly, however, equitable considerations support setting aside this judgment. As the district court found, "this mistake is just too big to ignore." Plaintiffs' attorney himself characterized the offer of $500,000 as "outrageous," and admitted he was "shocked" by the offer when he received it. Moreover, we believe that any reasonable person would have been shocked by the offer in light of the circumstances of this case, *viz.*, the fact that before they filed their action, plaintiffs had made no demands for monetary damages; that while plaintiffs had requested $1 million in punitive damages on the underlying claim in their complaint, Trans Union was only one of six defendants named in the complaint; that plaintiffs in their complaint specified only $3,600 in actual damages caused by Trans Union's conduct; and that the purported $500,000 offer was the first offer of any kind that plaintiffs had received from defendants.

We further note that plaintiffs suffered no prejudice from the district court's action in setting aside the $500,000 judgment. Plaintiffs were put in the same position they were in before they received the erroneous $500,000 offer of judgment, and they can still litigate the underlying claim on its merits. If the $500,000 judgment were enforced, it would result in not only a windfall but unjust enrichment.

Rule 60(a) and Rule 60(b)(1) notwithstanding, plaintiffs argue that the district court abused its discretion in setting aside the $500,000 judgment because defendant's mistake in typing the $500,000 offer of judgment was a unilateral mistake, and this court has held that a unilateral mistake is not a permissible basis for setting aside a consent judgment. Plaintiffs rely on two cases in particular to support their position. In *Brown v. County of Genesee*, 872 F.2d 169 (6th Cir.1989), plaintiff filed an action against the city government for illegal discrimination in failing to hire her. In a settlement offer which plaintiff made to defendant, plaintiff miscalculated the highest pay level she could have attained and, therefore, the amount of back pay requested was less than if plaintiff had used the higher pay level. Upon discovering this mistake, plaintiff moved to have the settlement agreement modified pursuant to Rule 60(b) to reflect the higher pay scale. In reversing the district court's decision to vacate the judgment, this court stated, "existing precedent ... dictates that only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." *Id.* at 174.

Clearly, *Brown* is distinguishable from the present case. Unlike *Brown*, Trans Union made no mistake about the facts of this case, the merits of this case, or the value of this case upon which it based a settlement offer. Rather, the mistake was simply a typographical error. To mechanically label the typographical error as a unilateral mistake of the kind in *Brown* would be to ignore justice in favor of pure terminology.

In *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir.1991), the second case relied upon by plaintiffs, County defendants knowingly and willingly entered into a settlement agreement with plaintiffs pursuant to an offer of settlement under Rule 68. Later the County moved for relief from the judgment under Rule 60(b)(6)[1] stating that it had "adopted a resolution to withdraw its previous offer of judgment" because "the issues raised by this case should be the subject of a decision on a freely developed record." *Id.* at 1276. Thus, the County simply changed its mind. In reversing the district court's decision to vacate the judgment, this court held that a change of mind was not an adequate basis under Rule

---

1. Fed.R.Civ.P. 60(b)(6).

   **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

60(b)(6) to vacate a consent judgment and stated: "[t]he only 'facts and circumstances' that this court has ruled warrant relief from a consent judgment are some showing of existence of fraud or mutual mistake of fact." *Id.* at 1280. Clearly, *Eyrich* is also distinguishable from the present case. Defendant Trans Union has not changed its mind; it never intended a $500,000 offer of judgment. Furthermore, as already discussed, the language relating to fraud or mutual mistake of fact does not apply to a pure typographical error.

■ In addition, courts are reluctant to attribute to clients the mistakes of their attorneys. In *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 796 (7th Cir.1980), a *consent* judgment shown to have been entered into without the express authority of the client was held to be properly set aside under Rule 60(b). Trans Union did not authorize a $500,000 offer, the amount of which was a mistake made by its counsel.

■ Finally, defendant argues that under general principles of contract law, the district court did not abuse its discretion in setting aside the judgment. Courts may apply general contract principles to determine what was intended in an offer of judgment and whether there has been a valid offer and acceptance. *Eyrich*, 922 F.2d at 1279; *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir.1988). A valid offer and acceptance requires a mutual manifestation of assent, a meeting of the minds as to the terms of the contract. *Eyrich*, 922 F.2d at 1279; *Radecki*, 858 F.2d at 400. While plaintiffs contend that defendants manifested to them an offer of $500,000 to which they assented, there was in fact no meeting of the minds because plaintiffs were aware that such an offer was "outrageous." Furthermore, defendants never intended to make such an offer. The mistake was more than a wrongful assessment of the value of the case; it was a pure typographical error. Thus, there was no meeting of the minds and no valid offer and acceptance constituting an enforceable contract. Furthermore, as in this case, a district court may exercise its equitable powers to set aside a judgment under circumstances where it would be unconscionable to enforce it. *See, e.g., Fisher v. Stolaruk Corp.*, 110 F.R.D. 74, 76 (E.D.Mich.1986).

### III.

We hold that Federal Rule of Civil Procedure 60(a) and (b) and general principles of contract law provide firm ground for the district court to exercise its discretion and equitable powers to provide defendant relief from the $500,000 judgment entered in favor of plaintiffs. Thus, the district court did not abuse its discretion. Accordingly, the district court is AFFIRMED.