956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re William Eugene DALBY, Debtor.
Paul BOROCK, Trustee, Plaintiff-Appellee,
v.
William E. DALBY; Phyllis J. Dalby; P.J. Dalby Family
Preservation Trust, also known as P.J. Dalby
Preservation Family Trust; Donald
Nilssin, also known as Donald
Tangwell,
Defendants-
Appellants,
In re William Eugene DALBY, Debtor.
Paul BOROCK, Trustee, Plaintiff-Appellee,
v.
Patricia L. MARSHALL; Owner's Trust; William Eugene Dalby;
Wed Family Preservation Trust; Norma J. Dalby;
Phyllis J. Dalby Donald Nilssin,
Defendants-Appellants,
In re William E. DALBY, Debtor.
Paul BOROCK, Trustee, Plaintiff-Appellee,
v.
William E. DALBY, individually, as trustee; Norma J. Dalby;
Owner's Trust; Wed Family Preservation Trust; Phyllis J.
Dalby; Donald Nilssin, also known as Donald Tangwell;
Patricia L. Marshall, Defendants-Appellants,
In re William Eugene DALBY, Debtor.
Paul BOROCK, Trustee, Plaintiff-Appellee,
v.
WED FAMILY PRESERVATION TRUST, Don Nilssin, Adverse Party
Trustee; Norma J. Dalby; Phyllis J. Dalby; Patricia L.
Marshall; Donald Nilssin, also known as Donald Tangwell;
Owner's Trust, Don Nilssin, Adverse Party Trustee; William
E. Dalby, Defendants-Appellants.
 Nos. 91-2008 to 91-2010 and 91-2060.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 Before BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The WED Family Preservation Trust and its designated trustees, appeal, pro se, from four separate district court orders affirming the bankruptcy court's entry of default judgments against all defendants in these cases. All four appeals stem from adversary proceedings initiated by the plaintiff Paul Borock, appointed as trustee of the bankruptcy estate of William Eugene Dalby. The trustee Borock filed these proceedings to recover certain real property that was found to be fraudulently conveyed out of the bankrupt estate. Although the appellants have paid a filing fee in case number 91-2060, the appellants have filed, on appeal, motions to proceed in forma pauperis in appeal numbers 91-2008, 91-2009 and 91-2010. The appellee has also filed motions in case numbers 91-2008, 91-2009 and 91-2010 to dismiss, on the basis that the appellants have not filed cost bonds, as ordered by the district court in three separate orders dated October 21, 1991.
 
 
 3
 Upon review, this court concludes that the district court properly affirmed the bankruptcy court's orders entering default judgments and properly amended the final judgment in case number 91-2010. The findings of fact by the lower court were not clearly erroneous, as they were supported by the record. Northern Pipeline Constr. Co. v. Marathon Pipeline Co., 458 U.S. 50, 85 (1982); Cle-Ware Industries, Inc. v. Sokolsky, 493 F.2d 863 (6th Cir.), cert. denied, 419 U.S. 829 (1974). Moreover, the district court applied the proper law in determining that the bankruptcy court was justified in entering default judgments in these cases. In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988).
 
 
 4
 First, this court has held that there is no constitutional defect in the Bankruptcy Rules which provide for service of process by first class mail instead of by personal service, contrary to the appellants' argument that they were never properly served with a summons and complaint or served a notice of the depositions that they were ordered to attend. In re Park Nursing Center, Inc., 766 F.2d 261, 262 (6th Cir.1985); In re Martin-Trigona, 763 F.2d 503, 505 (2d Cir.1985) (per curiam). Secondly, the bankruptcy court did not abuse its discretion in entering a default judgment, as the court and the district court properly considered the factors to be used in determining such an abuse, specifically: 1) whether the plaintiff would be prejudiced; 2) whether the defendant had a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. Amernational Industries, Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 976 (6th Cir.) (quoting Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982)), cert. denied, 111 S.Ct. 2857 (1991); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir.1990). As noted by the district court, the record reflects the appellants' willful bad faith, rather than an "inability to comply" with the court's orders and well-known procedures applicable to bankruptcy. Bank One, 916 F.2d at 1073; Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988).
 
 
 5
 The appellants also contend that the bankruptcy and district courts abused their discretion in permitting the filing of briefs and other pleadings outside of the originally set time schedules. However, the Bankruptcy Rules clearly provide the courts with discretion to alter such time lines, particularly when the parties have set forth good reason for delay. Finally, the appellants have not shown that they were denied any opportunity to file a reply brief or other document in response to the briefs filed by the plaintiff. Bankr.Rule 8009, 11 U.S.C.A.
 
 
 6
 The appellants next argue that the district court made certain factual misstatements in its opinions, in all these cases, which prejudiced them in this litigation. However, a review of these alleged inaccuracies reveals that they are minor and do not affect the rights of the parties or the outcome of this litigation in any manner, whatsoever. Thus, they may be considered harmless error. Fed.R.Civ.P. 61. The appellants also state that the district court and bankruptcy court improperly applied Michigan law to their case, rather than Florida law. However, the trust in which they are designated trustees was created under Michigan law, at least two properties that were the subject of this litigation were located in the state of Michigan, the bankruptcy petition was filed in Michigan, and the trustee's adversary proceeding was filed in Michigan, permitting the bankruptcy and district courts to apply Michigan law in these proceedings.
 
 
 7
 Finally, the record shows that the district court's decision to amend the judgment, now docketed in this court as appeal number 91-2010, was proper. The district court's decision to set aside a judgment under Fed.R.Civ.P. 60 should not be reversed absent the abuse of the sound discretion of that court. Whitaker v. Associated Credit Services, Inc., 946 F.2d 1222, 1224 (6th Cir.1991). The record shows that the amendment, merely substituting the proper legal description of the property to be transferred to the bankruptcy estate, specifically 600 East Walton in Pontiac, Michigan, did not affect the substantive rights of the parties and could be viewed as a "clerical error" under Rule 60(a). Moreover, even if the court did not have the authority under Rule 60(a) to amend the judgment correcting the legal description, the court certainly had the discretion to do so under Fed.R.Civ.P. 60(b). Whitaker, 946 F.2d at 1224. The appellant's argument that the Michigan statute of limitations bars the trustee's action against them in these several matters was not articulated on appeal, and therefore will be considered abandoned. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 The appellants' motions to proceed in forma pauperis in case numbers 91-2008, 91-2009 and 91-2010 are hereby granted. Considering the discretion this court has to dismiss cases on the basis of an appellant's failure to file a cost bond, particularly when the appellant has been granted leave to proceed in forma pauperis, this court hereby denies the appellee's motions to dismiss case numbers 91-2008, 91-2009 and 91-2010. Powers v. Citizens Union Nat'l Bank & Trust Co., 329 F.2d 507 (6th Cir.1964). However, for the reasons set forth above, the district court's orders affirming the bankruptcy court's entry of the default judgments and the order on appeal as case number 91-2060, amending the final order in case number 91-2010, are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.