**Maurice C. PARADIS et al.**

v.

**Thomas J. ZARRELLA et al.**

v.

**John R. LANFREDI et al.**

**No. 96–230–Appeal.**

Supreme Court of Rhode Island.

Oct. 15, 1996.

Robert Landau, Providence, for Plaintiffs.

Thomas J. Fay, Boston, MA, Stephen P. Nugent, Providence, Shelia High King, James E. Carroll, Kirsten M. Lacovara, Nicholas Theodorou, Boston, MA, Rosemary Healey, William C. Dimitri, John S. Foley, Eva Mancuso, Providence, Timothy McGann, Chepachet, for Defendants.

## OPINION

PER CURIAM.

This case comes before us on appeal by the defendants and third-party plaintiffs, Thomas, Vincent, Joseph, and Raymond Zarrella (the Zarrellas), from a summary judgment entered in the Superior Court on April 4, 1996, in favor of the third-party defendants on all counts of the Zarrellas' third-party complaint against John A. Daluz, Carmine DeTomasis, Francis Ducharme, Stephen J. Gibbons, Merle G. Gorman, Brian Holland, Mary Elizabeth Holland, Joseph Iannelli, Bonnie Lemoine, Robert J. Rick, Charles Pacquin, and S. Harry Siperstein (third-party defendants), former officers, directors, and/or committee members of the Rhode Island Central Credit Union (RICCU).[1] This case was assigned on an expedited basis for oral argument on September 10, 1996. Both the Zarellas and the third-party defendants were given and took advantage of the opportunity to file full briefs in addition to their prebriefing statements. Having heard the arguments of counsel and examined the briefs submitted by the parties, we deny and dismiss the appeal and affirm the judgment entered in the Superior Court.

The trial justice, after reviewing the record and the arguments submitted by the parties, entered a comprehensive and carefully crafted decision rejecting each count of the third-

---

1. Counsel for the Zarrellas conceded during oral argument that only those claims pertaining to the liability of Stephen J. Gibbons, Merle G. Gorman, Bonnie Lemoine, and S. Harry Siperstein are being pressed on appeal. Additional third-party defendants against whom claims were lodged include Peter Nevola, Joseph Bellucci, Edward Washburn, Jr., Norman Barris, and William McEnery, former officers and directors of the Rhode Island Share and Deposit Insurance Corporation (RISDIC).

party complaint that had been filed against third-party defendants. In summary the court determined that the following facts were undisputed.

In 1990 the Zarrellas applied for a loan in the sum of $5.9 million from RICCU. This application was submitted at the request of their cousin, Thomas D'Andrea (D'Andrea), who was developing a parcel of real estate at a location known as the Cranston Commons. Since D'Andrea's business company had already exceeded its borrowing limit at RICCU, D'Andrea found it necessary to obtain a straw borrower in order to be considered by RICCU for this additional loan. Consequently the Zarrellas agreed to replace D'Andrea's company as the borrower of record on the loan in exchange for D'Andrea's promise to share with them the anticipated profits of the project when the development was completed.

According to the Zarrellas, the president of RICCU, John R. Lanfredi (Lanfredi), assured them that in event of default RICCU would seize only the land that had been mortgaged as security for the loan and that their personal assets would not be placed at risk. In reality, however, the form of the promissory note was such that the Zarrellas as makers of the note would be fully liable in their personal capacities for its repayment.

Ultimately D'Andrea failed to make the payments required by the loan, RICCU became insolvent, and the Rhode Island Depositors Economic Protection Corporation (DEPCO), as successor to the receiver for RICCU, brought suit against the Zarrellas for payment of the amount due. Thereafter the Zarrellas filed a multicount third-party complaint alleging that third-party defendants had violated the state civil Racketeer Influenced and Corrupt Organizations (RICO) statute, G.L.1956 chapter 15 of title 7, and had engaged in fraud, negligent misrepresentation, breaches of alleged duties, and conspiracy. Central to each of these allegations is the claim that third-party defendants were aware of and had participated in Lanfredi's assurance to the Zarellas that their making of the promissory note was without recourse.

In essence the trial justice determined that not a shred of evidence existed to support the Zarrellas' claim. Consequently he entered summary judgment in respect to each count. More specifically, the trial justice held that there was no evidence that any of third-party defendants had made any kind of representation to the Zarrellas or that they knew of Lanfredi's alleged misrepresentations to them. Nor was there evidence that third-party defendants committed larceny, acted under false pretenses, or participated in any other racketeering activity necessary to support a state RICO claim. Finally, the trial justice concluded that third-party defendants as agents for RICCU owed the Zarrellas, as borrowers of RICCU, no duty of care in executing the loan transaction.

On a motion for summary judgment we apply the same standards that the trial justice must apply pursuant to Rule 56(c) of the Superior Court Rules of Civil Procedure. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994). That is, after viewing the pleadings, the affidavits, and the other relevant documents in the light most favorable to the opposing party, the motion justice must determine whether any genuine issue of material fact exists. *Id.* The party opposing the motion then bears the burden of proving with competent evidence the existence of a factual dispute and cannot rest upon mere allegations or denials. *See Sisters of Mercy of Providence, Inc. v. Wilkie*, 668 A.2d 650, 652 (R.I.1996); *see also* Super. R. Civ. P. 56(c). The trial justice here found no genuine issue of material fact and held that the third-party defendants were entitled to judgment as a matter of law. With this determination and holding we are in agreement.

Consequently the appeal of the Zarrellas is denied and dismissed. The summary judgment entered in the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.