### Geraldine MILLS, M.D.

v.

### RHODE ISLAND HOSPITAL.

No. 2002–446–Appeal.

Supreme Court of Rhode Island.

June 18, 2003.

Geraldine Mills, Pro Se.

John Dolan, Providence.

### ORDER

This case came before the Supreme Court on May 6, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the par-

ties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The plaintiff, Geraldine Mills (Mills or plaintiff), appeals *pro se* from a grant of summary judgment in favor of defendant, Rhode Island Hospital (hospital or defendant). The plaintiff filed suit against the hospital alleging that defendant breached a confidentiality agreement between the parties when it responded to a subpoena *duces tecum* issued by the Board of Medical Licensure and Discipline (board), the entity charged by law with policing the state's licensed physicians, and produced documents pertaining to her application for staff privileges. The plaintiff asserted that she had a verbal agreement with defendant that her application materials would remain confidential.[1] Mills also contended that defendant's obligation to release records to the board did not extend to the production of false and slanderous information.

In 1993, Mills, at that time a licensed physician, sought staff privileges from the hospital and filed an application with additional documentary materials in support of her request. In December 1993, plaintiff wrote to defendant's legal counsel and requested that her application "be kept quite confidential." After a hearing in the spring of 1994, plaintiff's application was denied by the hospital's credentials committee. Undeterred, Mills appealed to the hospital's hearing committee and the executive committee of the hospital staff association. Both committees denied her application. The plaintiff subsequently sought review by the hospital's board of trustees; however, she withdrew her application prior to a hearing before the board of trustees.

In 1998, the board, having received several complaints from the parents of plaintiff's pediatric patients, began an investigation into plaintiff's fitness to practice medicine. In connection with this inquiry, the board sought the production of all records relating to plaintiff's application for staff privileges and issued a subpoena *duces tecum* directing the hospital to produce all records and files relating to Mills' residency training, peer review, and credentialing.[2]

The investigation ultimately led to the suspension of plaintiff's license to practice medicine. On October 19, 1999, the director of the Department of Health found that Mills' continuation in the practice of medicine would "constitute an immediate danger to the public" and thereby suspended plaintiff's license until further order of the board.

In June 2001, Mills filed a *pro se* complaint against defendant and asserted that the hospital breached an agreement between the parties in which the hospital agreed to maintain the confidentiality of her records. Mills alleged that her letters to the hospital specifically requested that her application be withdrawn and be treat-

---

1. After judgment was entered on March 5, 2002, plaintiff filed a notice of appeal on March 21. The defendant then filed a motion to dismiss the appeal due to plaintiff's failure to transmit the record on a timely basis. Although plaintiff filed motions to extend the time for transmitting the record, these motions were not ruled upon; the trial justice subsequently denied defendant's motion to dismiss. We therefore decline to address this issue.

2. During this phase of the investigation, the board obtained copies of plaintiff's application for credentials at another area medical center where she once sought privileges. This application was withdrawn after it was learned that plaintiff made false and misleading claims on the application.

ed "as though it never existed." Mills also contended that the records produced by the hospital contained false and slanderous statements.

In response, the hospital filed a motion for summary judgment, contending that it had never entered into a confidentiality agreement with Mills, nor was it in receipt of any communications from Mills requesting a confidentiality agreement. Finding that plaintiff had failed to produce any evidence demonstrating that a confidentiality agreement existed between the parties, the trial justice granted defendant's motion for summary judgment.[3] He further concluded that, based upon its statutory authority to investigate all complaints and charges of unprofessional conduct, the board was entitled to obtain Mills' application materials. The plaintiff timely appealed.

On appeal, Mills argues that by failing to immediately report the denial of her application for staff privileges to the board, the hospital implicitly agreed to maintain the confidentiality of her application materials. The hospital responds that plaintiff neither requested that her records remain confidential, nor did she insist that the materials be treated "as if [they] never existed." The hospital notes that Mills could not produce any documentation to validate her assertions. The defendant also contends that it was required to respond to a subpoena *duces tecum* issued pursuant to the provisions of G.L.1956 § 5–37–1.3[4] and produce the documents identified in the subpoena. We agree with these contentions.

This Court reviews motions for summary judgment on a *de novo* basis, applying the same criteria as the trial justice. *Heflin v. Koszela,* 774 A.2d 25, 29 (R.I. 2001). We will affirm a summary judgment only when our careful review of the evidence in the light most favorable to the non-moving party reveals no material fact in dispute and that the moving party is entitled to judgment as a matter of law. *Roe v. Gelineau,* 794 A.2d 476, 481 (R.I. 2002). However, "[t]he party opposing summary judgment must provide the [C]ourt with competent evidence that establishes the existence of a material fact." *Rhode Island Insurers' Insolvency Fund v. Leviton Manufacturing Co.,* 763 A.2d 590, 595 (R.I.2000) (citing *Paradis v. Zarrella,* 683 A.2d 1337, 1339 (R.I.1996)).

After reviewing the scant evidence produced by the plaintiff in the light most favorable to her contentions, we are satisfied that Mills has failed to prove that a confidentiality agreement existed between the parties nor has she produced any evidence tending to show that these records were otherwise privileged from disclosure or defamatory. In order to establish an express or implied contract a litigant must prove mutual assent or a "meeting of the minds between the parties." *J. Koury Steel Erectors, Inc. of Massachusetts v. San–Vel Concrete Corp.,* 120 R.I. 360, 365, 387 A.2d 694, 697 (1978). We are satisfied

---

**3.** The trial justice noted that Mills could not assume that a confidentiality agreement was in force simply because she requested such confidentiality in her December 1993 letter.

**4.** General Laws 1956 § 5–37–1.3, entitled "**Board of medical licensure and discipline— Powers and duties**" provides, in pertinent part:

   "(2) To investigate all complaints and charges of unprofessional conduct against

any licensed physician or limited registrant and hold hearings to determine whether those charges are substantiated or unsubstantiated;

   "* * *

   "(6) To issue subpoenas and administer oaths in connection with any investigations, hearing, or disciplinary proceedings held under the authority of this chapter."

that the plaintiff has failed to establish that defendant expressly ·or impliedly agreed that her application files were confidential and would not be released to the board. Moreover, even if such an agreement were proven, the hospital was obliged, pursuant to § 5–37–1.3, to respond to the board's subpoena *duces tecum* and produce the requested materials. Lastly, the plaintiff failed to produce any evidence that the defendant released defamatory information in response to the board's subpoena or that its records contained defamatory materials. *See Lundgren v. Pawtucket Firefighters Association, Local No. 1261*, 595 A.2d 808, 815 (R.I.1991) (in a claim for defamation a private citizen must prove that the defendant issued a false publication that would subject him or her to hatred, contempt or ridicule). Therefore, because we are of the opinion that the plaintiff failed to sustain her burden of proof on the elements of her claims, we deem the hearing justice's grant of summary judgment to be proper.

Accordingly, the plaintiff's appeal is denied and dismissed and the papers in this case may be remanded to the Superior Court.

Justice FLAHERTY did not participate.