DECISION
Defendant D. Gorman Landscaping Co., Inc., ("Defendant") files this Super. R. Civ. P. 60(b) Motion to Vacate ("Rule 60(b) Motion to Vacate") a Super R. Civ. P. 68 Offer of Judgment ("Rule 68 Offer of Judgment") in favor of Plaintiff Paula McMahon ("Plaintiff). For the reasons stated herein, this Court grants Defendant's Rule 60(b) Motion to Vacate.
 I Facts Travel
This matter arose during the course of litigation between Plaintiffs McMahon, Rego and Defendant. Plaintiff and Rego (who is not a party to this motion) were allegedly injured in a three vehicle accident involving a vehicle owned by Defendant. *Page 2 
Court Annexed Arbitration Award at 2-3. Plaintiff and Rego filed the instant action in 2008. In January 2009, Defendant offered to settle Plaintiff's claim for $30,000 and Rego's claim for $80,000.McMahon v. Maille, PC-2008-5888, Trans. of Hr'g, Nov. 16, 2011, 2:2-2:9 ("Nov. 16 Hr'g"). Plaintiff and Rego declined the offers.
The parties submitted the case to court-annexed arbitration, where Plaintiff and Rego claimed damages of $66,379.05 and $83,113.71 respectively. On August 17, 2011, the arbitrator awarded Plaintiff $40,000 and Rego $25,000 and also granted statutory interest and costs to each claimant. Plaintiff and Rego rejected the awards in favor of trial. Following the arbitration, counsel for Defendant learned that she would need to undergo a serious medical procedure and filed a Motion for Excusal from Court from October 3, 2011, through November 30, 2011. The motion was granted.
While counsel was on medical leave, Defendant — pursuant to Rule 68 — authorized the issuance of Offers of Judgment to Plaintiff and Rego in the amounts it previously had proposed: $30,000 to Plaintiff and $80,000 to Rego. Attempting to work from home as she recuperated, counsel received an e-mail from her staff outlining the terms of the offers to Plaintiff and Rego. Def.'s Ex. 5, ¶ 5. Counsel approved the outline, but did not ask to review the actual offer letters, assuming that they would be consistent with the terms of the outline. Def.'s Ex. 5, ¶ 5. Counsel's staff prepared the Rule 68 Offers of Judgment and mailed them to Plaintiff's and Rego's counsel on October 19, 2011. Def.'s Ex. 1, Def's Offer of J. to Pl.
Unbeknownst to defense counsel, a clerical error resulted in the transposition of the amounts offered. As a result, Plaintiff received an Offer of Judgment for $80,000 — the sum meant for Rego — and Rego received an Offer of Judgment for $30,000 — the sum *Page 3 
meant for Plaintiff. On October 27, 2011, Plaintiff filed a timely acceptance of Defendant's Rule 68 Offer of Judgment for $80,000. The mistake went undetected until November 8, when defense counsel returned to the office on a part-time basis. Def.'s Ex. 5, ¶ 5. Recognizing the error, defense counsel immediately called Plaintiff's counsel to explain the situation. She also sent him a facsimile to inquire "if there was any possibility of [his] acknowledging the error and allowing us to correct the problem and move forward on the merits of each claim." Def's. Ex. 4. Plaintiff's counsel, however, insisted on the validity of the judgment offered to Plaintiff.
Defense counsel filed the instant Rule 60(b)(1) Motion to Vacate, to which Plaintiff's counsel objected. At a hearing regarding the motion, Plaintiff's counsel described his reaction to the transposed offers and stated that "[he] was kind of concerned about them myself." Nov. 16 Hr'g, 4:18-4:20. He noted that Plaintiff and Rego questioned the inversion in offers as well. Nov. 16 Hr'g, 4:21-4:24. This Court must now decide the instant motion.
 II Standard of Review
Rule 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Super. R. Civ. P. 60(b)(1). "Unexplained neglect, standing alone and without more, whether it be of a party or of his attorney, will not automatically excuse noncompliance with orderly procedures."Vitale v. Elliott,120 R.I. 328, 331, 387 A.2d 1379, 1381 (1978) (citations omitted). The presence of excusable neglect is a "question *Page 4 
of fact." Id The burden is on the moving party to demonstrate sufficient grounds to justify relief. Frias v. Muratore,740 A.2d 340, 342 (R.I. 1999).
Motions pursuant to Rule 60(b) lie "within the sound discretion of the trial justice." Id. (quoting Zannini v. Downing Corp.,701 A.2d 1016, 1017 (R.I. 1997). In exercising its discretion under Rule 60(b), this Court "may consider applicable principles of equity" and "set aside a judgment under circumstances where it would be unconscionable to enforce it." Whitaker v. Associated Credit Srvs.,Inc., 946 F.2d 1222, 1224-1226 (6th Cir. 1991) ("[M]istakes made as a result of excusable neglect may be set aside, especially if under the circumstances it would be equitable to do so." (citing 11 Charles Alan Wright and Arthur R. Miller, FederalPractice Procedure § 2858 (1973))).
 III Analysis
In this case, there has been a clerical error resulting in an erroneous entry of a Rule 68 Offer of Judgment. Rule 68 of the Superior Court Rules of Civil Procedure states:
 "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance and thereupon the clerk shall enter judgment." Super. R. Civ. P. 68. *Page 5 
Rhode Island case law addressing Rule 60(b)(1) motions to vacate Rule 68 Offers of Judgment is sparse. Federal case law, however, offers some guidance.[1]
Whether a mistake in a Rule 68 Offer of Judgment merits vacation of the judgment pursuant to Rule 60(b) is evaluated according to general contract principles. See Radecki v. Amoco Oil Co.,858 F.2d 397, 400 (8th Cir. 1988) ("To decide whether there has been a valid offer and acceptance for purposes of Rule 68 [of the Federal Rules of Civil Procedure], courts apply the principles of contract law."). To form a contract the parties must communicate an offer and an acceptance. Opella v. Opella,896 A.2d 714, 720 (R.I. 2006). "Each party must have and manifest an objective intent to be bound by the agreement." Id. (quotingWeaver v. Am. Power Conversion Corp.,863 A.2d 193, 198 (R.I. 2004)). "An agreement is a manifestation of mutual assent on the part of two or more persons." Restatement (Second)Contracts § 3 (1981). For two or more parties to assent to an agreement, they must indicate a meeting of the minds. Id. (citingMills v. R.I. Hosp., 828 A.2d 526, 528 (R.I. 2003)). That is, "the parties must intend to be bound by the terms of the agreement."R.I. Five v. Med. Assocs. of Bristol Cnty., Inc.,668 A.2d 1250, 1253 (R.I. 1996).
Upon examination of the applicable law and the evidence before it, this Court finds that no contract existed between the parties and vacates the judgment. In reaching this conclusion, this Court considersWhitaker instructive. In Whitaker, the defendant authorized its counsel to make a Federal Rule 68 Offer of Judgment of $500 to the *Page 6 
plaintiffs. 946 F.2d at 1223-1224. However, due to a typographical error on the part of defense counsel's staff, an offer for $500,000 was mailed to the plaintiffs. Id. The plaintiffs accepted and filed the requisite notice of acceptance with the clerk of court, who entered judgment against the defendant. Id. at 1224. Upon receipt of plaintiffs' acceptance, defense counsel recognized the error and moved to have the Offer of Judgment vacated pursuant to Federal Rule 60(b).Id. Affirming the district court's vacation of the judgment, the Sixth Circuit held that the Rule 68 offer and acceptance was invalid because there was no mutual manifestation of assent between the parties.Id. at 1226. The court reasoned that the offer was simply a product of "pure typographical error" and explained that the defendant "never intended to make such an offer." Id. The Sixth Circuit also considered significant the fact that the defendant's motion was not motivated by second thoughts regarding the defendant's assessment of the value of the case, but from an actual clerical mistake in the production of the offer documents. See Whitaker, 946 F.2d at 1226. Finally, the court noted that plaintiffs were aware that the offer was "outrageous." Id. As such, the Sixth Circuit concluded that "there was no meeting of the minds" and affirmed the district court's order vacating the judgment. Id.
Confronting a scenario similar to that in Whitaker, this Court believes that vacation of the judgment is appropriate. Seeid. Plaintiff accepted a Rule 68 Offer of Judgment containing a major clerical error in the settlement figure. For an offer and acceptance to create a binding agreement for Rule 68 purposes, however, there must be an objective manifestation of mutual assent, what is often referred to as a meeting of the minds. Radecki, 858 F.2d at 400;Greenwood v. Stevenson, 88 F.R.D. 225, 229-30 (D.R.I. 1980). There is no manifestation of mutual assent here. As in Whitaker, neither *Page 7 
Defendant, nor defense counsel, intended to make Plaintiff the offer that Plaintiff ultimately received. See 946 F.2d at 1226. Moreover, the error was not the product of a "wrongful assessment of the value of the case." See id. Rather, defense counsel's staff simply transposed the settlement figures, sending Plaintiff a Rule 68 Offer of Judgment in the amount meant for Rego and vice versa. Def.'s Ex. 4. Although, the offer sent to Plaintiff was not as outrageous as that sent to the Whitaker plaintiffs, Plaintiff and her attorney were still aware that something was amiss. See 946 F.2d at 1226. Plaintiff questioned why the offers to her and Rego had suddenly flipped, and Plaintiff's counsel noted that he was "concerned" about the inversion in settlement offers as well. Nov. 16 Hr'g, 4:18-4:24. The typographical error in the Rule 68 Offer of Judgment to Plaintiff effectively prevented a meeting of the minds. SeeWhitaker, 946 F.2d at 1226. As such, this Court concludes that there was no valid offer and acceptance constituting an enforceable contract and vacates the judgment.
Plaintiff contends that Rule 68 Offers of Judgment are irrevocable and that granting Defendant's motion would upset the balance of incentives that Rule 68's drafters intended for Rule 68 Offers of Judgment to pose to all litigants. This Court does not discount the serious consequences that issuance of a Rule 68 Offer of Judgment has for plaintiffs and defendants alike. See Richardson v. Nat'l R.R. PassengerCorp., 49 F.3d 760, 765 (D.C. Cir. 1995).[2] Although Rule 68 Offers of Judgment are generally *Page 8 
irrevocable, Plaintiff's argument is misplaced. This Court has not addressed whether Defendant may revoke its Rule 68 Offer of Judgment. Rather, this Court simply holds that the typographical error in Defendant's Rule 68 Offer of Judgment prevented the parties from forming the mutual manifestation of assent needed to create a binding agreement. Opella, 896 A.2d at 720; see Whitaker,946 F.2d at 1226.
It bears noting that principles of equity also support vacation of the Rule 68 Offer of Judgment due to excusable neglect. "[M]istakes made as a result of excusable neglect may be set aside, especially if under the circumstances it would be equitable to do so." Whitaker,946 F.2d at 1224. Defendant has not erred regarding the facts of this case, the merits of the case, or the value of this case upon which it based its settlement offer. Id. at 1225. Instead, the mistake was a mere typographical error. Id. To hold Defendant accountable for a clerical error on the part of its counsel would be unjust.Id. at 1226.
Further, consideration of the medical documents accompanying defense counsel's affidavit — as well as her immediate attempt to rectify the situation following her detection of the clerical error — this Court finds extenuating circumstances of sufficient *Page 9 
significance to render the neglect here excusable under Rule 60(b)(1).See id. As such, vacation of the judgment is appropriate.
 IV Conclusion
This Court grants Defendant D. Gorman Landscaping Co., Inc.'s Rule 60(b) Motion to Vacate the Rule 68 Offer of Judgment. There is presently a lack of clarity as to whether judgment has actually been entered against Defendant by the Clerk of the Superior Court. As such, if judgment has been entered, it is hereby vacated. If it has not been entered, it is not to be entered. Counsel shall submit an appropriate order for entry.
[1] Our Supreme Court has "repeatedly stated that federal-court interpretations of a procedural rule that is substantially similar to one of our own state rules of civil procedure should serve as a guide to the construction of our own rule." See Hall v. Ins. Co. of N.Am., 727 A.2d 667, 669 (citing Smith v. Johns-Manville Corp.,489 A.2d 336, 339 (R.I. 1985)). Thus, this Court shall refer to federal precedent where appropriate. Id.
[2] As the United States Court of Appeals for the D.C. Circuit has explained:
 "Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10-day option). If the Rule were to be read [as to allow a defendant to revoke its offer of judgment,] the pressure on the plaintiff would be greater than the Rule contemplates, because the Rule so construed would allow a defendant to engage in tactical pressuring maneuvers." Richardson, 49 F.3d at 765 (emphasis in original). But see Colonial Penn Ins. Co. v. Coil 887 F.2d 1236, 1240 (4th Cir. 1989) (acknowledging that Rule 68 offers are generally irrevocable, but stating that "we believe that there are exceptional factual situations that may properly merit revocation of offers made pursuant to Rule 68" (emphasis in original)).

 *Page 1