135 F.3d 384
 39 Fed.R.Serv.3d 1033
 William POGOR and Janet Pogor, Plaintiffs-Appellees,
v.
MAKITA U.S.A., INC., a New York corporation and Makita
Electric Works, Ltd., a Japanese business entity,
jointly and severally, Defendants-Appellants.
 No. 96-1753.
 United States Court of Appeals,
Sixth Circuit.
 Argued July 28, 1997.
Decided Jan. 30, 1998.
 
 Mary T. Nemeth (argued and briefed), James G. Gross (briefed), Gross, Nemeth & Silverman, Detroit, MI, John A. Cothorn, Meganck & Cothorn, Detroit, MI, for Defendants-Appellants.
 Kelly A. Kruse (argued and briefed), Norbert B. Leonard, Leonard, Kruse & Zlatopolsky, Bloomfield Hills, MI, Michael J. Gallagher, Brighton, MI, for Plaintiff-Appellee William Pogor.
 Kelly A. Kruse (argued and briefed), Norbert B. Leonard, Leonard, Kruse & Zlatopolsky, Bloomfield Hills, MI, for Plaintiff-Appellee Janet Pogor.
 Before: NORRIS and BATCHELDER, Circuit Judges; ALDRICH, District Judge.*
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Defendants Makita, U.S.A., Inc., and Makita Electric Works, Ltd. (collectively "Makita"), appeal a jury verdict in favor of plaintiffs William and Janet Pogor in this diversity products liability action brought under Michigan law. Makita argues that the district court erred by: (1) failing to grant Makita's motion for a judgment as a matter of law (JNOV) based upon plaintiffs' failure to present sufficient evidence to support their claims of defective design and failure to warn; (2) awarding plaintiffs $10,000 for future medical expenses; and (3) awarding plaintiffs prejudgment interest. Because the district court did not abuse its discretion when it denied Makita's JNOV motion as to plaintiffs' products liability claims or when it awarded prejudgment interest, we affirm the judgment as to those issues. However, because the district court erred in awarding future medical expenses to plaintiffs, we reverse the district court's denial of Makita's JNOV motion on that issue.
 
 I.
 
 2
 William Pogor, a self-described master craftsman in woodworking, severely injured his left hand in October of 1993, while attempting to attach a router under a wooden table in an inverted position in order to use the apparatus as a "shaper table." The router was manufactured by Makita in 1984 and purchased by Pogor in 1986. He first marked and drilled four mounting holes into the table and then drilled a center hole for the router bit. To match the diameter of the center hole to the router bit, Pogor intended to "size" the hole by mounting the router with an oversized bit under the table and, after turning the router on, pushing it upward by hand to cut the center hole through the table top. Unfortunately, when he attempted to perform these tasks, the motor assembly fell through the housing and the rotating bit grazed his left hand, injuring it severely.
 
 
 3
 Pogor and his wife, Janet, filed a complaint alleging that Makita was negligent in designing the router and in failing to warn Pogor of the risks associated with using it in an inverted position.
 
 
 4
 At the close of plaintiffs' case, Makita unsuccessfully sought a directed verdict on the design defect and failure to warn claims, as well as the claim for future medical expenses. At the trial's conclusion, the jury returned a verdict against Makita, finding that it had negligently designed the router and negligently failed to warn of the router's inherent risks, and that its negligence was the proximate cause of Pogor's injury. The district court entered judgment in accordance with the jury verdict, awarding plaintiffs $1,352,400, plus statutory interest.
 
 
 5
 Makita moved for a JNOV based upon the ground that plaintiffs failed to produce sufficient evidence to support their claims of defective design and failure to warn, and their claim for future medical expenses. Thereafter, plaintiffs filed a motion to set prejudgment interest. Makita responded that plaintiffs' motion was filed beyond the ten-day time limit set by Federal Rule of Civil Procedure 59(e). Plaintiffs responded in turn that under Rule 60(a) their motion could be filed at any time.
 
 
 6
 The court denied Makita's motions for a JNOV and granted plaintiffs' motion for prejudgment interest. This timely appeal followed.
 
 II.
 A. Prejudgment Interest
 
 7
 Makita first contends that the district court erred in awarding plaintiffs $87,675.32 in prejudgment interest. The district court entered judgment, on November 29, 1995, in the amount of $1,352,400, "plus statutory interest and taxable costs, as allowable under law." On January 29, 1996, plaintiffs asked the district court to set prejudgment interest on the earlier judgment.[1] Makita responded by arguing that plaintiffs' motion was untimely since it essentially was a motion to alter or amend the judgment and had to be filed within ten days of the judgment as required by Federal Rule of Civil Procedure 59(e). Plaintiffs maintained that their motion was governed by Rule 60(a), and thus could be filed at any time. The district court agreed that Rule 60(a) governed.
 
 
 8
 Rule 59(e) requires that: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). According to Rule 60(a), "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed.R.Civ.P. 60(a). The question, then, is whether plaintiffs' motion to set the amount of interest should have been regarded as a motion to alter or amend the judgment subject to the filing limitation in Rule 59(e), or as a motion to correct an error arising from oversight or omission under Rule 60(a).
 
 
 9
 In Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), the Supreme Court held that a postjudgment motion for discretionary prejudgment interest was governed by Rule 59(e). Id. at 175-76, 109 S.Ct. at 991-92. In Osterneck, plaintiffs brought suit against a number of defendants for allegedly making fraudulent misrepresentations in regard to the financial condition of a company involved in a merger. After the jury returned a verdict against some of the defendants and in favor of others, plaintiffs, within ten days, submitted a motion for prejudgment interest and, while the motion was pending, filed a notice of appeal. The Supreme Court concluded that the postjudgment motion for discretionary prejudgment interest was a motion to alter or amend under Rule 59(e), and that the notice of appeal was therefore premature. Id. at 176-77, 109 S.Ct. at 991-92.
 
 
 10
 The Court noted that since prejudgment interest traditionally has been considered part of the plaintiffs' overall compensation, id. at 175, 109 S.Ct. at 991, and raises issues neither wholly collateral to the judgment in the main cause of action, nor wholly separate from the decisions on the merits, id. at 175-76, 109 S.Ct. at 991-92, such a motion involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply. Id. at 176, 109 S.Ct. at 991-92. Furthermore, the "conclusion that a postjudgment motion for discretionary interest is a Rule 59(e) motion also helps further the important goal of avoiding piecemeal appellate review of judgments." Id. at 177, 109 S.Ct. at 992 (citation omitted). Although Osterneck involved a motion for discretionary interest, the Court opined that its holding would apply to cases involving mandatory prejudgment interest as well:
 
 
 11
 We do not believe the result should be different where prejudgment interest is available as a matter of right. It could be argued that where a party is entitled to prejudgment interest as a matter of right, a reexamination of issues relevant to the underlying merits is not necessary, and therefore the motion should be deemed collateral in the sense we have used that term. However, mandatory prejudgment interest, no less than discretionary prejudgment interest, serves to "remedy the injury giving rise to the [underlying] action," Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988), and in that sense is part of the merits of the district court's decision.
 
 
 12
 Id. at 176 n. 3, 109 S.Ct. at 992 n. 3.
 
 
 13
 Subsequent to the decision in Osterneck, the Court of Appeals for the Tenth Circuit held that a motion to set the amount of prejudgment interest is governed by Rule 60(a), not Rule 59(e). McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir.1989). Although it did not expressly differentiate its case from Osterneck, the court appeared to be influenced by the fact that while the motion in Osterneck was an original request for interest, the judgment in McNickle already provided for damages "with interest thereon as provided by law":
 
 
 14
 The district court, by the terms of its March 19, 1986, judgment, intended to award interest as provided by law. The pertinent law here, [Okla. Stat. tit. 36,] § 3629(B), requires the award of prejudgment interest. By their Rule 60(a) motion, the plaintiffs essentially requested the court to insert the omitted particulars of the prejudgment interest award. This was neither an original post-judgment request for prejudgment interest nor a request that the amount due to them be changed in any way. Rule 60(a) specifically addresses the problem of omissions in judgments.
 
 
 15
 Id. at 682 (citations omitted).
 
 
 16
 Noting the McNickle case, the Court of Appeals for the Fourth Circuit, in Kosnoski v. Howley, 33 F.3d 376 (4th Cir.1994), likewise concluded that a postjudgment motion to fix the amount of interest where the judgment already provides for an award of interest should fall under Rule 60(a). The court acknowledged that "if the district court's original judgment order did not mention an award of prejudgment and postjudgment interest, [the] later motion to fix interest clearly would be governed by Osterneck." Id. at 378. The court went on to explain its holding:
 
 
 17
 The question is therefore whether the distinctions between this case and Osterneck are sufficient to change the result. We believe that they are. It is true that a motion requesting the court to fix the precise amount of interest previously awarded requires the court to take up the matter of prejudgment interest in a general sense, and prejudgment interest is a traditional component of the damages remedy rather than a collateral "cost," so that there is an initial plausibility to the suggestion that Osterneck would apply. Nevertheless, such a court does not revisit the merits of the question and certainly does nothing that can be called "reconsidering" the matter. Instead, the court is asked to perform a completely ministerial task....
 
 
 18
 Id. at 379. The court reasoned that, since the district court merely supplies a figure for the judgment, the amount of which is fixed by statute at the time the judgment was entered, the motion is essentially one to correct an omission and is properly within the scope of Rule 60(a). Id.
 
 
 19
 We agree that Rule 60(a) applies under the circumstances found in this case where the language of the judgment awards interest as required by law but leaves the actual calculations for later. In this instance, a subsequent motion to set the actual amount of prejudgment interest should not be deemed an original request for interest, which is to be assigned, by the Supreme Court's reasoning in Osterneck, to the dominion of Rule 59(e). When a district court's original judgment does not mention an award of interest, then a later motion to fix interest would be governed by the rationale found in Osterneck, as the motion would amount to an original request for interest.
 
 
 20
 Here, the court's original judgment explicitly included an award of statutory interest as "allowable" under Michigan law. Michigan law mandates the award of prejudgment interest under circumstances like those present in this case where a party has been awarded a money judgment. Mich. Comp. Laws. § 600.6013. Thus, plaintiffs' motion to set the amount of interest did not seek to alter or amend the judgment, but simply asked the court to insert the omitted particulars of the prejudgment interest award. The method of calculating that interest was not disputed by the parties. Because Rule 60(a) contemplates the performance of such ministerial tasks in the course of supplying information omitted from judgments, we conclude that the district court properly looked to Rule 60(a) to supply the missing amount and, therefore, affirm the award of interest.
 
 B. JNOV
 
 21
 Makita also challenges the district court's denial of the JNOV motion, in support of which Makita argued it was entitled to a judgment as a matter of law because plaintiffs failed to make out a prima facie case on both their design defect and duty to warn product liability claims, and because there was no evidence to support the jury's award of $10,000 for future medical expenses. Under Michigan law, failure to grant a JNOV is reviewed de novo. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 208 (6th Cir.1990).
 
 
 22
 After careful consideration of Makita's arguments and the record on appeal, we conclude that the district court correctly held that Makita was not entitled to judgment as a matter of law on plaintiffs' design defect, and duty to warn claims. Accordingly, we affirm that portion of the judgment for the reasons articulated by the district court in its opinion dated May 3, 1996.
 
 
 23
 However, we agree with Makita's contention that the record contains no evidence supporting the award for future medical expenses. In upholding the jury's award, the district court rested its decision exclusively on the belief that Pogor "continues to suffer from pain and swelling in his injured hand, and that he continues to use pain medication for this ongoing discomfort." However, Pogor testified at trial that he had stopped taking the pain medication and that he had no plans for future surgery. Accordingly, the district court erred in denying Makita's motion for a JNOV on the award of future medical expenses.
 
 III.
 
 24
 For the reasons stated above, the judgment of the district court is affirmed in part and reversed in part, and this cause is remanded to the district court for further proceedings in accordance with this opinion.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Both parties agree that Michigan Compiled Laws § 600.6013 mandates the award of prejudgment interest in this case