[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 99-1386

TRUSTMARK INSURANCE COMPANY,

Plaintiff, Appellant,

v.

CARMINE J. GALLUCCI, a/k/a Michael Gallucci,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

---

James A. Currier and Hodosh, Spinella & Angelone on brief
for appellant.
Lauren E. Jones, David L. Krech and Jones Associates on
brief for appellee.

---

July 14, 2000

---

**Per Curiam**.    Plaintiff-appellant  Trustmark Insurance Co. appeals from the district court's denial of its motion for a writ of execution that included prejudgment interest pursuant to R.I.Gen.Laws § 9-21-10. Trustmark's brief contains only one developed argument: that under the governing Rhode Island statute, an award of prejudgment interest is mandatory.  As to its failure to raise the issue in a timely manner following entry of judgment, Trustmark alludes to two arguments.

Trustmark's main argument is that the second judgment entered in this case on February 9, 1998, denying defendant's postjudgment motions, rendered its earlier request for prejudgment interest (in its motion for writ of execution) timely.  The second judgment did not modify the first judgment in any way, but merely formalized the denial of defendant's postjudgment motions.  Moreover, the motion seeking prejudgment interest was filed before entry of the second judgment.  Under these circumstances, the second judgment had no effect on the timeliness of Trustmark's motion. See McNabola v. Chicago Transit Authority, 10 F.3d 501, 521 (7th Cir. 1993).

Trustmark suggests that the court erred in failing to grant relief pursuant to Rule 60.  While Rule 60(a) has

sometimes been used to correct an omission of mandatory prejudgment interest, those cases are factually distinguishable from this one. Here, the computation of the amount of prejudgment interest to which Trustmark would be entitled under the statute was not "simple, clear and mechanical." Compare Aubin v. Fudala, 782 F.2d 287, 289 (1st Cir. 1986)(applying Rule 60(a) to request for prejudgment interest pursuant to a New Hampshire statute). Here, the original judgment made no mention of prejudgment interest. And the parties disagree about the date that the cause of action accrued under the statute. Compare Pogor v. Makita U.S.A., Inc., 135 F.3d 384, 388 (6th Cir. 1998); Kosnoski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994); McNickle v. Bankers Life and Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989). The district court did not abuse its discretion in failing to grant the requested relief under Rule 60(a). See Paddington Partners v. Bouchard, 34 F.3d 1132, 1141 (2d Cir. 1994).

Any other possible grounds for appellate relief have been waived by Trustmark's failure to include developed arguments in its brief. See Airport Impact Relief, Inc. v. Wykle, 192 F.3d 197, 205 (1st Cir. 1999) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived for purposes of appeal").

The district court's Order Affirming Magistrate Judge's Denial of Motion for Writ of Execution, dated January 15, 1999, is <u>affirmed</u>.  <u>See</u> Loc. R. 27(c).