My colleagues on the panel having taken a different view of the matter, I respectfully dissent.

_____

conclusion notwithstanding, this is not a case in which we can rest assured that the appellant "suffered no prejudice from the [lower] court's action" in correcting the error.  See *id.* at 1225.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0078P (6th Cir.)
File Name:  02a0078p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: ANNA MARIE WALTER,
              *Debtor.*

_____

JERRY PRUZINSKY,
          *Defendant-Appellant,*

          *v.*

SILVIO GIANETTI; GIANETTI
INVESTMENT COMPANY,
          *Plaintiffs-Appellees.*

No. 00-2075

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-71346—Paul D. Borman, District Judge.

Argued:  November 28, 2001

Decided and Filed:  March 4, 2002

Before:  JONES, NELSON, and DAUGHTREY, Circuit
Judges.

_____

**COUNSEL**

**ARGUED:** Richard F. Fellrath, LAW OFFICE OF RICHARD F. FELLRATH, Detroit, Michigan, for Appellant. Jerry L. Watson, Bloomfield Hills, Michigan, for Appellee. **ON BRIEF:** Richard F. Fellrath, LAW OFFICE OF RICHARD F. FELLRATH, Detroit, Michigan, for Appellant. Jerry L. Watson, Bloomfield Hills, Michigan, for Appellee.

JONES, J., delivered the opinion of the court, in which DAUGHTREY, J., joined. NELSON, J. (pp. 14-16), delivered a separate dissenting opinion.

_____

**OPINION**

_____

NATHANIEL R. JONES, Circuit Judge. Appellant Jerry Pruzinsky appeals the district court's determination that his Motion for Clarification of Judgment, construed as one seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), was barred by the one-year statute of limitations contained therein. We reverse the judgment of the district court and remand for further proceedings.

**I. BACKGROUND**

**A. The Wayne County Agreement**

The debtor, Anna Marie Walter, was formerly married to the appellant, Jerry Pruzinsky. Before the bankruptcy proceedings commenced, the appellee, Gianetti, obtained a default judgment against Walter and Pruzinsky in the Wayne County Circuit Court for $629,400. Gianetti's complaint alleged that Walter and Pruzinsky embezzled funds belonging to several of Gianetti's companies. The parties entered into a settlement agreement in satisfaction of the judgment (the "Wayne County Agreement"). Under the terms of the

regardless of what the property was worth, the satisfaction of the settlement order meant that Pruzinsky could no longer claim a lien on the property. Two title companies examined the bankruptcy court order and pronounced Gianetti's title clear, we are told, and Gianetti proceeded to spend millions of dollars developing the property. Yet 19 months after entry of its original order, the bankruptcy court was asked to say, in effect, "never mind, Pruzinsky has a contingent lien after all." It would be hard to imagine a scenario more clearly affecting "substantive" or "substantial" rights.

And I am not persuaded that the original error was a mere "clerical mistake." The failure to strike Pruzinsky's name from paragraph three of the proffered order was not the result of a failure by the bankruptcy court properly to act as an amanuensis; it was the result, rather, of the failure of Pruzinsky's lawyer to request that paragraph three be changed. The lawyer was talking "only" about paragraph four, as the bankruptcy court was clearly given to understand, and it was only "that portion of the order" – the portion where Pruzinsky's name was preceded by the compound connective "and/or" – in which a change was requested.

When asked specifically whether deletion of Pruzinsky's name from "that portion of the order" (*i.e.* paragraph four) would do the trick, Pruzinsky's lawyer responded "Yes. Yes." The lawyer gave express written approval to the "form and content" of unamended paragraph three, along with amended paragraph four and two other brief paragraphs. This looks to me like the sort of garden variety "mistake" or "inadvertence" covered by Rule 60(b)(1) – and relief from a judgment reflecting such a mistake or inadvertence may only be granted on motion made "within a reasonable time" and "not more than one year" after entry of the order. The error does not look to me like the sort of "clerical mistake" that is, or should be, correctable in perpetuity under Rule 60(a).[1]

_____

[1] Unlike *Whitaker v. Associated Credit Services, Inc.*, 946 F.2d 1222, 1226 (6th Cir. 1991), I might note, this case does not involve "a pure typographical error" – and unlike *Whitaker*, my colleagues' contrary

## DISSENT

DAVID A. NELSON, Circuit Judge, dissenting. This is a close case, in my view, but I am inclined to think that the order of the district court ought to be affirmed.

The crucial question, it seems to me, is whether the mistake in the bankruptcy court's original order was one affecting "the substantive rights of the parties." See *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363-64 (6th Cir. 1990), where we endorsed caselaw from other circuits teaching that the one-year limitations period prescribed in Rule 60(b) applies to a "mistake [that] affects the substantive rights of the parties" (*Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212-13 (5th Cir. 1984)) and further teaching that "errors that affect substantial rights of the parties are outside the scope of Rule 60(a)" (*Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976)).

The error in *Olle*, as we pointed out in that case, "certainly affected the rights of the parties in their commercial relationships and other litigation." *Olle*, 910 F.2d at 364. Rule 60(a) did not provide an avenue of relief in *Olle*, we went on to declare, "because substantial rights of the parties are involved and there was no mere clerical mistake nor oversight by the court." *Id.*

In the case at bar, by the same token, the error "certainly affected the rights of the parties in their commercial relationships and other litigation." As originally entered, the bankruptcy court order discharged both Gianetti's state court judgment against Pruzinsky and the state court order adopting the settlement agreement between Gianetti and Pruzinsky. The settlement order having been "satisfied and forever discharged," in the words of the bankruptcy court order, there was no longer any need for a determination of the value of Gianetti's property under the aegis of the state court;

agreement, Walter and Pruzinsky surrendered their interest in certain real property to Gianetti. The agreement further provided that each side retained a contingent lien. This aspect of the agreement provided that the parties would have the real property appraised. If the value of the property exceeded the value of the debt owed to Gianetti, then Gianetti was to refund the difference to Walter and Pruzinsky. Conversely, if the property value was insufficient to satisfy the debt owed to Gianetti, then Gianetti would have a lien on all other assets owned by Walter and Pruzinsky. The Wayne County Circuit Court entered an order on December 6, 1994 incorporating the terms of the Wayne County Agreement.

### B. The Federal Agreement

Prior to the completion of the valuation process called for in the Wayne County Agreement, Walter filed her bankruptcy petition in the bankruptcy court, which automatically stayed the proceedings against her in the Wayne County action. When he received notice of this action, Gianetti pursued in the bankruptcy court his claim against the Walter estate for the unsatisfied judgment. The trustee in bankruptcy subsequently reached an agreement with Gianetti to settle the claim (the "Federal Agreement"). Walter and Pruzinsky were divorced at the time she initiated the bankruptcy proceedings. Therefore, Pruzinsky was neither a party to nor did he participate in the negotiation of this agreement. Pruzinsky was, however, like Gianetti, a creditor of the Walter bankruptcy estate and, as such, was entitled to receive notice of the proposed settlement. After receiving notice, Pruzinsky filed a written objection to certain language in the proposed order which Gianetti and the trustee had drafted to settle the claim. The objection stated:

Now comes Jerry Pruzinsky, creditor in the above captioned matter and objects to the entry of the proposed order approving settlement and particularly *the final paragraph* of the same for the reason that this paragraph seeks to adjudicate matters not before this Court (a dispute between Jerry Pruzinsky and Silvo Gianetti

concerning claims between these parties which is pending in the Wayne Country Circuit Court #92-230961-CK).

Objection To Entry Of Order Approving Settlement. February 12, 1998. J.A. at 70 (emphasis added). The proposed order, memorializing the Federal Agreement between Gianetti and the trustee in bankruptcy, read in relevant part as follows (the parties refer to these two paragraphs as "paragraphs three and four"):

> It is further ordered that the Wayne County Circuit Court Default Judgment obtained by [Gianetti] against Debtor Anna Marie Walter *and her ex-husband, Jerry Pruzinsky* . . . as well as a certain Settlement Agreement Order of the Wayne County Circuit Court . . . are hereby satisfied and forever discharged.

> It is further ordered that any contingent liens by the Debtor *and/or her ex-husband Jerry Pruzinsky*, arising under the Wayne County Settlement and Order . . . [are] hereby released, discharged, and void.

Order Approving Settlement of Secured Claim. April 20, 1998. J.A. 71-72 (emphasis added).

## C.  The April 1998 Order

At a hearing on March 27, 1998, the bankruptcy court heard Pruzinsky's objections to the Federal Agreement. Pruzinsky explained that he was not a party to the Federal Agreement and that he did not participate in the negotiations that produced the proposed order. He further explained that the proposed order drafted by Gianetti and the bankruptcy trustee purported to extinguish his right under the Wayne County Agreement to a refund if the appraised value of the property exceeded the value of the debt owed to Gianetti. Pruzinsky maintained that it was unfair to allow the bankruptcy trustee and Gianetti to bargain away his rights when he was not a party to their agreement. The following exchange took place:

extraordinary circumstances that justify relief under Rule 60(b)(6). To the contrary, the error in this case was simple: the bankruptcy court struck only one reference to Pruzinsky in the April 1998 order instead of two. The bankruptcy court states in clear and unequivocal language that it intended to remove Pruzinsky entirely from the force of the order, and that the order, as modified, did not reflect that intent. The district court should have permitted this error to be corrected pursuant to Rule 60(a). Gianetti suffers no prejudice because the relief currently sought by Pruzinsky is *the very same relief* that would have been granted in April 1998, but for the unfortunate oversight of Pruzinsky and the bankruptcy court. The outcome would doubtless be different had we to venture outside the record the record to identify what the bankruptcy court intended to accomplish at the hearing. *See Olle*, 910 F.2d at 363 ("The need to consider evidence outside the record is some indication that the error involved is not merely clerical."). That is not the case here. The error is manifest on the face of the record and should be corrected pursuant to Rule 60(a).

## III.  CONCLUSION

The discrepancy in the April 1998 order calls for a completely ministerial act on the part of the bankruptcy court to modify the order so that it accurately reflects the court's stated intent at the time of the hearing. This type of relief is permissible under Rule 60(a). We therefore reverse the order of the district court and remand for further proceedings consistent with this opinion.

the Court is concerned, not simply because Pruzinsky was possibly mistaken as to the adequacy of his suggested correction, but that the Order as eventually presented and signed did not fully and properly reflect the intent *of the Court* . . . . The Court specifically stated that the words 'and/or her husband Jerry Pruzinsky' were to be excised from the Order and they were not.

J.A. at 90 (emphasis in original).

The bankruptcy court explained that, read together, the language of paragraphs three and four did not make sense.

When one considers the rationale of the Court's ruling, i.e., that without Pruzinsky's consent, the Court could not force him to compromise any rights he might have, the face of the Order contains an inconsistency.
. . .

The sole issue at the hearing on the entry of the Order was that Pruzinsky wished to retain his contingent lien, so that he, at some appropriate point in the future, could complete the valuation process and be refunded the difference (assuming that the property was valued higher than the judgment amount).
. . .

[The inconsistency] arises from the fact that on one hand, the Order *as finally entered* in the fourth paragraph in effect preserved the contingent liens of Pruzinsky (by eliminating the reference to him in the suggested Order), but on the other hand, seemingly satisfying and discharging [in the third paragraph] the very and only claim (the valuation process) that could give rise to the referred to contingent lien.

J.A. at 88-89 (emphasis in original).

The bankruptcy court acknowledged Pruzinsky's mistake and its own oversight but proceeded to the erroneous conclusion that together the errors created the exceptional or

MR. FELLRATH [Counsel for Pruzinsky]: The order . . . provides that contingent claims and liens by Jerry Pruzinsky against the letter [sic] - - excuse me, against the lender - - are released, discharged and void. My client objects to that language.

THE COURT: Well, we're talking now about the *last paragraph only* of the proposed order; am I right, Mr. Fellrath?

MR. FELLRATH: That's correct . . . .

THE COURT: All right.

MR. FELLRATH: What we object to is the language in that order which - - the proposed order, that Mr. Gianetti - - the claims of Mr. Pruzinsky against Mr. Gianetti are released, discharged and void . . . .

THE COURT: If the words - - Mr. Fellrath - -

MR. FELLRATH: Yes.

THE COURT: - - if the words, looking now at the proposed order, now- - do you have it in front of you?

MR. FELLRATH: Yes, your Honor, I do.

THE COURT: If the words "and/or her ex-husband, Jerry Pruzinsky" - - so I understand what you're saying - - were eliminated from the order, would that solve your problem?

MR. FELLRATH: Yes, your Honor. The - - the - - the reference to my client should be deleted from that portion of the order.

THE COURT: All right. Specifically, would that do the trick from your perspective?

MR. FELLRATH: Yes. Yes.

J.A. at 111-13 .

At this point in the hearing, Mr. Watson, counsel for Gianetti, objected to the request to delete the reference to Pruzinsky. He argued that it was fair to dissolve Pruzinsky's contingent lien because the terms of the Federal Agreement released Pruzinsky from liability in the event the appraised value of the property was not enough to satisfy the amount owed Gianetti under the default judgment. The bankruptcy court rejected this argument.

> THE COURT: How can - - how can the Debtor and yourself, between the two of you, eliminate Mr. Pruzinsky's rights?

> MR. WATSON: Well, because we are also releasing him from any liability under the settlement . . . .

> · · ·

> THE COURT: All right. So I don't see how I can include language in there which, in effect, gives up rights, frankly. So I will sign an order that excises from the proposed order the language I was talking about, the words: 'And/or her ex-husband Jerry Pruzinsky.' I'll sign that order.

J.A. at 114, 117.

## D.  The Motion for Clarification

The important point to observe from the foregoing exchange is that while the bankruptcy court intended to fully preserve Pruzinsky's rights under the Wayne County Agreement, the settlement order, as modified by the bankruptcy court, does not reflect that intent. It is clear from the record that the objective of the modification was to remove Pruzinsky from the force of the order. This, however, was accomplished only with respect to *paragraph four*, as Pruzinsky mistakenly told the bankruptcy court that his objection lay only with that section of the order. The April

has undertaken to "make the judgment  or record speak the truth" rather than "something other than what was originally pronounced" the court has not abused its discretion in granting relief under Rule 60(a). *Id.*

We have upheld the correction of errors under Rule 60(a) in various circumstances that support the application of the rule here. In *Pogor v. Makita U.S.A. Inc.*, 135 F.3d 384 (6th Cir. 1998), the district court, in a products liability action, entered judgment in accordance with a jury verdict for the plaintiffs for $1,352,400 plus statutory interest. The district court, however, omitted from the judgment the specific amount of prejudgment interest to which the plaintiffs were entitled. In light of the fact that, by the terms of its earlier order, the district court intended to award prejudgment interest, we held, over the defendant's objection, that supplying the missing information was a simple "ministerial task" permissible under Rule 60(a). *Id.* at 388. In *Whitaker v. Associated Credit Services, Inc.,* 946 F.2d 1222 (6th Cir. 1991), the defendant intended to extend an offer of settlement of $500; however, due to a typographical error, the offer transmitted to the plaintiffs was $500,000. The plaintiffs delivered a notice of acceptance to the clerk of the district court, who subsequently entered judgment for $500,000 in favor of the plaintiffs. We held that modification of the award was appropriate under either Rule 60(a) or 60(b)(1) on the ground that "[t]he mistake was more than a wrongful assessment of the value of the case; it was a pure typographical error." *Id.* at 1226.

It follows then from what we have said that the bankruptcy court was entitled to modify its order under Rule 60(a) if:  (i) the error was mechanical in nature rather than the result of a deliberate choice, and (ii) the modification corrects the April 1998 order such that it reflects what was the intent of the bankruptcy court at the time of the hearing. In granting Pruzinsky's motion for clarification, the bankruptcy court made it clear that the original order was at odds with what the court intended to accomplish at the hearing. It stated that:

April 1998 order.  It expressly said so.  The simple fact is that the court struck only one reference to Pruzinsky instead of two.  This amounts to a clerical error of the type governed by Rule 60(a).

## B.  Rule 60(a)

Rule 60(a) provides, in relevant part, that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ."  FED. R. CIV. P. 60(a).  A good number of legal authorities offer guidance on the application of Rule 60(a).  The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission.  11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2854, at 240 (2d ed. 1995).  Clerical mistakes include those made by judges as well as ministerial employees.  *Blanton v. Anzaolone*, 813 F.2d 1574, 1577 (9th Cir. 1987).  The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an "error[] of substantive judgment."  *Olle,* 910 F.2d at 364 (6th Cir. 1990).  One court has aptly noted that:

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Blanton*, 813 F.2d at 1577 n. 2 (citation omitted) (emphasis in original).  Stated differently, a court properly acts under Rule 60(a) when it is necessary to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial."  *Vaughter v. Eastern Air Lines, Inc.,* 817 F.2d 685, 689 (11th Cir. 1987).  In that regard, when a court

1998 order of the bankruptcy court did not remove the reference to Pruzinsky in *paragraph three*.  Instead, paragraph three of the order continued to declare that the Wayne County Agreement was fully satisfied and discharged and therefore Pruzinsky's contingent lien was dissolved.

The oversight came to a head in August 1999, when Pruzinsky filed subpoenas in Wayne County Circuit Court to determine the value of property included in the Wayne County Agreement.  Gianetti raised the bankruptcy court's April 1998 order as a defense, pointing to paragraph three, the provision of the order stating that, as to Pruzinsky, the Wayne County Agreement was satisfied and forever discharged.  The Wayne County Circuit Court, for some reason that remains unexplained, adjourned all motions.[1]  Pruzinsky then filed a "Motion to Clarify" the April 1998 order with the bankruptcy court, contending that the April 1998 order did not bar his action in Wayne County, and sought an order from the bankruptcy court to that effect.

The bankruptcy court construed Pruzinsky's Motion to Clarify as one seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2]  Rule 60(b) authorizes a court to relieve a party from a final judgment or order in the following circumstances:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief.  FED. R. CIV. P. 60(b)(1)-(6).

---

[1] The district court noted that it does not appear on the record whether the Wayne County Circuit Court agreed with Gianetti's defense on the merits, or if it was simply holding the matter in abeyance pending clarification from the bankruptcy court on the scope of its April, 1998 order.  J.A. at 9  n. 1.

[2] Bankruptcy Rule 9024 makes Rule 60 applicable to cases under the Bankruptcy Code.  *See Olle v. Henry & Wright Corporation*, 910 F.2d 357, 363 n. 5 (6th Cir. 1990).

Pruzinsky argued that he was entitled to relief under subparts (1), (4), and (6) of Rule 60(b). After a hearing, the bankruptcy court concluded that Rule 60(b)(1), regarding mistake, did not apply because motions under that section are subject to a strict one-year time limit that Pruzinsky did not meet. Similarly, the court concluded that 60(b)(4), relating to void judgments, also did not apply. The court found, however, that Rule 60(b)(6) was applicable in the present controversy. The court acknowledged circuit precedent holding that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the rule. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) ("[C]ourts may employ subsection (b)(6) as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present."). The bankruptcy court held that "the fact that the Order failed to give effect to the court's intent is 'exceptional or extraordinary,' and provides the 'something more' than mere mistake on the part of counsel." J.A. at 91. Consequently, the bankruptcy court granted Pruzinsky's motion for clarification and held that "[the] clarification is that the Order should be construed as having preserved to Pruzinsky his referred to contingent lien, together with whatever obligation that might arise under . . . the Wayne County Settlement Agreement, which that contingent lien was there designed to secure." J.A. at 93.

Gianetti filed an appeal in the United States District Court for the Eastern District of Michigan. The district court disagreed with the bankruptcy court's conclusion that the order embodied something more than a mere routine mistake of counsel and held that the extraordinary relief granted under Rule 60(b)(6) was improper. Finding that the discrepancy in the order was due to a simple mistake on the part of counsel, the district court concluded that the applicable rule was Rule 60(b)(1), and held that relief under 60(b)(1) was precluded because more than one-year had expired since the April 1998 order was entered. We must decide on appeal whether Rule 60 authorized the bankruptcy court to amend the April 1998

order by striking the second reference to Pruzinsky and thereby preserving his contingent lien.

## II. DISCUSSION

The facts of this case and the relevant legal authorities suggest that both courts committed error in their application of Rule 60. We review the denial of appropriate relief under Rule 60 for abuse of discretion. *Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997). "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997).

### A. Rule 60(b)

The district court was correct in finding unpersuasive the bankruptcy court's conclusion that the discrepancy in the order was sufficiently exceptional or extraordinary to trigger the application of Rule 60(b)(6). The district court correctly observed that:

> There are few cases elaborating on the 'something more' that is required. This may be explained, as the Sixth Circuit has postulated, by the fact that clauses 1-5 of the Rule cover almost every conceivable ground for relief. The 'something more,' then, must include unusual or extreme situations where principles of equity mandate relief. The question in this case is whether such equitable circumstances are present.

J.A. at 12 (citation omitted). Indeed, no special circumstances were present in this case to implicate Rule 60(b)(6). Nevertheless, the district court incorrectly concluded that the problem here was simply a matter of attorney error, such that Rule 60(b)(1) applied. Instead, the record shows that the discrepancy in the order resulted from the mistake of counsel *and* the bankruptcy court's own oversight. The on-the-record discussion of the bankruptcy court clearly reveals that it intended to remove Pruzinsky entirely from the force of the