**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1974**

MICHAEL J. HALE, d/b/a Data Base Technologies,

 Plaintiff - Appellant,

 v.

BELTON ASSOCIATES, INCORPORATED,

 Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:06-cv-00099-GBL)

Submitted: December 17, 2008          Decided: January 9, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John P. Forest, II, STAHL, FOREST & ZELLOE, P.C., Fairfax, Virginia, for Appellant. Aleksander Lamvol, SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Hale appeals the district court's order denying relief on his motion filed pursuant to Fed. R. Civ. P. 60(a), (b). Finding no abuse of discretion, we affirm.

Final judgment in this breach of contract case was entered on July 26, 2006. Hale did not appeal. He filed his Rule 60 motion on July 23, 2007--almost one year later. In the motion, Hale contended that the district court had failed to rule on his claim that he was not given reasonable notice prior to termination of an employment contract. At the hearing on Hale's motion, the district court inquired why Hale had not appealed following entry of final judgment. Hale's attorney replied, "[W]e honestly just lost track of that."

Because the claimed error was not of the sort contemplated by Rule 60(a), see In re: Walter, 282 F.3d 434, 440-41 (6th Cir. 2002), Hale's motion more appropriately falls under Rule 60(b). To support a motion under Rule 60(b), a movant must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted).

We review the denial of a Rule 60(b) motion for abuse of discretion. MLC Auto. v. Town of S. Pines, 532 F.3d 269, 277

(4th Cir. 2008).  We do "not review the merits of the underlying order, [but rather] only review the denial of the motion with respect to the grounds set forth in Rule 60(b)."  Id.  It is well established that "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal."  Dowell, 993 F.2d at 48.  Thus, if a Rule 60(b) movant's failure to appeal is the result of "inexcusable negligence" or "a considered choice" not to appeal, relief under the Rule is unavailable.  See Ackermann v. United States, 340 U.S. 193, 198, 202 (1950).

Here, there was no abuse of discretion.  Under the cited authorities, Hale's negligent failure to note a timely appeal from the district court's final order precluded relief under Rule 60(b).  This case simply does not present exceptional circumstances that would entitle Hale to relief.

Accordingly, we affirm.  The request for sanctions under Fed. R. App. P. 38 is denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    AFFIRMED