# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 24, 2009      Decided December 1, 2009

No. 08-5228

JOHN F. WINSLOW,
APPELLANT

v.

FEDERAL ENERGY REGULATORY COMMISSION AND UNITED
STATES DEPARTMENT OF ENERGY,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:84-cv-1316-JMF)

———

*Richard L. Swick* argued the cause for appellant. With him on the briefs was *David H. Shapiro*.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellees. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney at the time the brief was filed, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: SENTELLE, *Chief Judge*, and GRIFFITH and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: After losing his job as an attorney at the Federal Energy Regulatory Commission, John Winslow sued and prevailed on an age discrimination claim. The District Court awarded back pay; the court's order did not include prejudgment interest. Several years later, Winslow moved for prejudgment interest, which he claimed was mandatory under the Back Pay Act. The District Court treated Winslow's claim as a Rule 59(e) motion to alter or amend the judgment. The problem for Winslow was that Rule 59(e) motions must be filed no later than 10 days after the entry of judgment. Therefore, the District Court denied Winslow's motion as time-barred. Winslow now appeals, arguing that the motion is better categorized as a motion under Rule 60(a) to correct a clerical mistake or a motion under Rule 69 or 70 to enforce the judgment. Because those motions are not subject to time constraints, he asks us to reach the merits of his prejudgment interest argument. The Supreme Court has flatly stated, however, that motions for mandatory prejudgment interest are governed by Rule 59(e) and, therefore, by its 10-day filing requirement. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176-77 n.3 (1989). We therefore affirm the judgment of the District Court.

I

After a bench trial, the District Court found that FERC had unlawfully fired John Winslow on the basis of age. As relief, the District Court ordered reinstatement as well as back pay and other benefits.

The parties entered into a stipulated agreement with respect to the components of the award. The stipulation included a precise calculation of the back pay due Winslow: "payment of backpay in the gross amount of $179,126.34." *Winslow v. FERC*, No. 84-1316, at 2 (D.D.C.) (stipulation to relief granted) (J.A. 62). It also included other relief such as the "correction of all agency records, including plaintiff's official personnel folder" and "payment of an additional $931.36 for health expenses." *Id.* at 2-3 (J.A. 62-63).

The District Court accepted the parties' stipulation and issued an order directing FERC to make the listed payments to Winslow. *Winslow v. FERC*, No. 84-1316 (J.A. 60-65). FERC paid Winslow $179,126.34 – full back pay without interest.

Two and a half years later, Winslow moved to obtain prejudgment interest under the Back Pay Act. That Act provides that certain awards of back pay "shall be payable with interest." 5 U.S.C. § 5596(b)(2)(A).

In accord with the Supreme Court's decision in *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176-77 n.3 (1989), the District Court classified Winslow's motion as a Rule 59(e) motion to alter or amend the judgment. Because Rule 59(e) motions must be filed no later than 10 days after the entry of judgment and because Winslow's motion was filed two and a half years after the entry of the judgment, the District Court ruled that Winslow's motion was untimely. This appeal followed. We exercise de novo review of this legal question regarding interpretation of Rule 59(e).

4

II

Winslow contends that he is entitled under the Back Pay Act to receive prejudgment interest on his back pay award. The Back Pay Act provides that back pay awards "shall be payable with interest," 5 U.S.C. § 5596(b)(2)(A), and the Act applies to employment discrimination suits such as Winslow's. *See Brown v. Secretary of the Army*, 918 F.2d 214, 218 (D.C. Cir. 1990).

In light of what he views as a clear legal entitlement to prejudgment interest on his back pay award, Winslow principally argues that the District Court's failure to award prejudgment interest was simply a clerical error. Motions to correct clerical errors fall under Rule 60(a); under that rule, a clerical error may be corrected "whenever one is found in a judgment." FED. R. CIV. P. 60(a). Winslow alternatively suggests that his motion may be characterized as a motion under Rule 69 or 70 to enforce the original judgment. Whether under Rule 60, Rule 69, or Rule 70, Winslow asserts that his motion – which was filed two and a half years after the District Court's entry of judgment – was timely.

Winslow's argument faces an insurmountable hurdle, however – namely the Supreme Court's decision in *Osterneck v. Ernst & Whinney*. In that case, the Supreme Court held that "a postjudgment motion for *discretionary* prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)" and is subject to the strict 10-day time limit for Rule 59(e) motions. 489 U.S. 169, 175 (1989) (emphasis added). More to the point for present purposes, the *Osterneck* Court also addressed the related issue of *mandatory* prejudgment interest: "We do not believe the result should be different where prejudgment interest is available as a matter

of right." *Id.* at 176 n.3. The Court explained that courts and litigants are best served by a "bright-line rule" and that even a motion for mandatory prejudgment interest "implicates the merits of the district court's judgment" and thus is governed by Rule 59(e). *Id.* at 177 n.3.

Winslow contends that *Osterneck*'s statement regarding mandatory prejudgment interest is dicta. He urges us to "take a different course" than the *Osterneck* Court and to allow motions for mandatory prejudgment interest under Rule 60(a). Winslow Br. at 29-30. He says that his position better "comports with the Congressional and judicial policies favoring the enforcement of anti-discrimination laws via full compensation to prevailing plaintiffs." *Id.* at 30.

We decline Winslow's invitation to flout the Supreme Court's decision in *Osterneck*. Vertical stare decisis – both in letter and in spirit – is a critical aspect of our hierarchical Judiciary headed by "one supreme Court." U.S. CONST. art. III, § 1. And as we have said before, "carefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative." *United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006). We note, moreover, that we are not alone in choosing to adhere to *Osterneck* on this question of mandatory prejudgment interest: The five other courts of appeals to consider the question have reached the same result. *See Crowe v. Bolduc*, 365 F.3d 86, 92 (1st Cir. 2004); *Kosnoski v. Howley*, 33 F.3d 376, 378 (4th Cir. 1994); *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 387 (6th Cir. 1998); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1132 (9th Cir. 2004); *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989).

We affirm the judgment of the District Court.

*So ordered.*