NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0828n.06

No. 14–5228

**FILED**
Nov 03, 2014
DEBORAH S. HUNT, Clerk

KIM C. KEELEY,

    Appellant,

    v.

JAMES ALLEN GRIDER,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

---

**BEFORE: COOK and WHITE, Circuit Judges; and MICHELSON, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.** Kim Keeley (Keeley) obtained a default judgment against James Grider (Grider) in an adversary proceeding related to Grider's voluntary bankruptcy petition. The judgment, entered by the clerk, was not declared "non-dischargeable." Nearly a year later, Keeley filed a motion under Federal Rule of Civil Procedure 60(a) to amend the default judgment to declare it non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court denied the motion, the district court affirmed, and Keeley appeals. We AFFIRM.

**I.**

In 2006, Grider executed a $300,000 promissory note to repay Keeley a loan she gave him to start a new company. Grider defaulted on the note and Keeley brought a state-court action against him alleging breach of contract, unjust enrichment, and breach of fiduciary duty. Grider filed for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*, thereby securing an automatic stay of Keeley's state-court action. Keeley realleged her

---

[*] The Honorable Laurie J. Michelson, United States District Judge for the Eastern District of Michigan, sitting by designation.

state-law claims against Grider in an adversary proceeding in the bankruptcy court, specifically alleging fraud and seeking a non-dischargeable money judgment under 11 U.S.C. § 523(a)(2)(A). Keeley also sought attorneys' fees and costs.

On October 11, 2012, after Grider failed to answer Keeley's adversary-proceeding complaint, Keeley moved for and received an entry of default from the clerk of the bankruptcy court. She then moved for a default judgment, seeking the note's pre-judgment principal and interest totaling $384,375.00, as well as post-judgment interest. In Keeley's attorney's affidavit accompanying the proposed default judgment, there is no mention of fraud, "non-dischargeability," or 11 U.S.C. § 523. Similarly, the default judgment Keeley submitted to the clerk for entry was silent regarding the dischargeability of the money judgment and did not mention fraud or 11 U.S.C. § 523. The clerk entered Keeley's proposed default judgment without modification. Two weeks later, the adversary proceeding was closed.

On January 11, 2013, Grider moved the bankruptcy court to reopen the adversary proceeding so he could respond to Keeley's allegations.[1] In this motion, Grider specifically noted that Keeley's default judgment was "dischargeable" and would be disposed of along with his other pre-petition debt. After extensive briefing and a hearing regarding both the propriety and legality of Keeley's default judgment, the bankruptcy court refused to reopen the adversary proceeding, finding that Grider had not shown sufficient cause for failing to timely answer Keeley's complaint.

On August 27, 2013—the day that Grider's debt was discharged and nearly one year after Keeley obtained the default judgment—Keeley filed a motion to amend her default judgment to include the phrase "which shall be non-dischargeable under 11 U.S.C. § 523(a)(2)(A)." She filed

---

[1] Keeley had begun garnishing Grider's wages. Only then, according to Grider, did he become aware of this adversary proceeding.

her motion pursuant to Federal Rule of Bankruptcy Procedure 9024, which expressly makes Federal Rule of Civil Procedure 60(a) applicable to adversary proceedings in the bankruptcy court. Grider objected to Keeley's motion, noting that "[s]ince at least January 11, 2013, Keeley has been aware that the Judgment does not except the debt from discharge." Keeley's counsel acknowledged that he knew that the money judgment was dischargeable at least "eight months ago" and had not sought to amend the judgment because the issue "kind of got set by the wayside."

The bankruptcy court sustained Grider's objection and denied Keeley's motion to amend the judgment, observing that "Keeley received the relief she requested in the Judgment by Default and, even with notice of that relief's deficiencies, she took no action to correct her mistake." The bankruptcy court ruled that Rule 60(a) "is not designed to be used to change a judgment to reflect what *should* have been done." The district court affirmed the bankruptcy court's order, and Keeley appeals.

## II.

On appeal of a bankruptcy decision from a district court, this court applies the clearly erroneous standard of review to findings of fact, and reviews questions of law *de novo*, evaluating the bankruptcy court's decision directly. *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004); *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607 (6th Cir. 2000). This court "review[s] the denial of appropriate relief under Rule 60 for abuse of discretion." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir. 2002). To reverse, we must have a "definite and firm conviction that the [court below] committed a clear error of judgment." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996).

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A bankruptcy court [is] entitled to modify its order under Rule 60(a) if: (i) the error was mechanical in nature rather than the result of a deliberate choice, and (ii) the modification corrects the [] order such that it reflects what was the intent of the bankruptcy court at the time of the hearing." *In re Walter*, 282 F.3d at 441. "[A] court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *Id.* (quoting *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)). When a court "undertake[s] to 'make the judgment or record speak the truth' rather than 'something other than what was originally pronounced' the court [does] not abuse its discretion in granting relief under Rule 60(a)." *In re Walter*, 282 F.3d at 441.

Rule 60(a) cannot be used to alter the "substantive rights of the parties" in a manner different from what was intended when the judgment was entered. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363–64 (6th Cir. 1990) (citing *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976)); *see also Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 198–200 (5th Cir. 2011). The archetypal use of Rule 60(a) is to correct typographical errors in judgments, *Whitaker v. Associated Credit Servs., Inc.*, 946 F.2d 1222, 1223–24 (6th Cir. 1991), complete an errantly omitted "ministerial task," *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998), or correct an order that does not accurately reflect the issuing court's intent, *In re Walter*, 282 F.3d at 441. Simply put, Rule 60(a) is not a means to "rewrite" the past; it merely "allows a court to correct records to show what was done, rather than change them to reflect what should

have been done." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (emphasis omitted).

## III.

Keeley does not suggest that the clerk mistakenly failed to enter a default judgment granting her non-dischargeable relief; rather, she argues that the bankruptcy court erred in denying her motion to amend the default judgment under Rule 60(a) because: "Taking into account the nature of adversary proceedings in general, the language of the Complaint, including the facts and specific references to the bankruptcy code, and reading the record as a whole, it was patently obvious what relief Keeley was requesting—that the debt be determined to be non-dischargeable." Thus, argues Keeley, her default judgment inaccurately reflects the true nature of the relief *she was seeking* and the judgment's silence regarding non-dischargeability should be ignored because all parties were aware of the true nature of her allegation: that Grider fraudulently obtained the loan.

A claim under 11 U.S.C. § 523(a)(2)(A) requires a showing that: (1) the debtor obtained money through a material misrepresentation that the debtor knew was false at the time or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) the creditor's reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Svcs., Inc. (In re Rembert)*, 141 F.3d 277, 280–81 (6th Cir. 1998). Whether a debtor had the requisite fraudulent intent is a subjective inquiry. *Field v. Mans*, 516 U.S. 59, 70–72 (1995). The debtor's intent is ascertained by looking at the totality of the circumstances, and all exceptions to discharge are to be strictly construed against the creditor. *In re Rembert*, 141 F.3d at 281–82.

The clerk granted Keeley's motion and entered a default judgment against Grider "as authorized by Federal Rule of Bankruptcy Procedure 7055," which expressly applies Federal Rule of Civil Procedure 55 to adversary proceedings. Under Rule 55, a *clerk* may enter a default judgment only if, *inter alia*, the award sought is for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). A *court* must enter a default judgment "[i]n all other cases." Fed. R. Civ. P. 55(b)(2). Pertinent here, where the creditor's claim sounds in fraud, a *court* must "carefully evaluate the evidence presented" to ensure that the plaintiff has presented a prima facie case. *In re Cook*, No. 05-8034, 2006 WL 908600, at *3 (B.A.P. 6th Cir. Apr. 3, 2006) (internal quotation marks omitted).

Keeley claims that Grider fraudulently induced her to make the loan by promising her various ownership interests in his new company and telling her he would not use the funds for any personal expenses. The terms of the note, however, do not contemplate Keeley receiving an ownership interest in Grider's new company; rather, Keeley was to receive monthly payments of principal and interest, as well as a percentage of Grider's net profits "after business is profitable." Similarly, the note does not expressly restrict Grider's use of the funds, only stating that the $300,000 "is to be used as an operating line of credit for the undersigned, James A. Grider and his business . . ." All of this is to say that Keeley needed to affirmatively prove the bases of her fraud claims, as they are not evident on the face of the note. Nevertheless, had Keeley successfully showed that she was a victim of fraud, her money judgment could have been awarded as non-dischargeable.

But Keeley did not attempt to make this showing. Instead, she moved the bankruptcy court's clerk, under Rule 55(b)(1) by filing Bankruptcy Form 261A,[2] to enter a default judgment in the amount she was owed "under the note" and "per the terms of the note." The clerk entered the default judgment *as prepared by Keeley*—a default judgment "authorized by Federal Rule of Bankruptcy Procedure 7055," "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). The clerk did not intend to grant Keeley declaratory relief under 11 U.S.C. § 523(a)(2)(A); Keeley's proposed default judgment did not seek such relief, and even if it had, it is beyond the clerk's authority to grant. *See, e.g.*, *In re Fuentes*, 474 B.R. 497, 501 (Bankr. S.D. Tex. 2012) ("Entering a default judgment against a debtor in a [11 U.S.C.] § 523 claim in which the plaintiff seeks both liquidation of damages and an exception to discharge requires more than just entering a monetary judgment for a 'sum certain.'"). Because the clerk's actual intent is fully memorialized in its order, Rule 60(a) does not apply.

Keeley acknowledges that Rule 60(a) is designed to ameliorate clerical mistakes, but argues that clerical mistakes "include not only errors made by the clerk, but those made by other persons, as the rule applies to a type of mistake or omission mechanical in nature which is apparent on the record and *which does not involve a legal decision or judgment by an attorney*." Even under her interpretation of Rule 60(a), however, Keeley cannot prevail. The substance of Keeley's default judgment shows that Keeley was making legal decisions (*i.e.*, avoiding a hearing and expediting the default judgment's entry) and exercising judgment (*i.e.*, abandoning claims for attorneys' fees and fraud under 11 U.S.C. § 523) in seeking relief from the clerk as opposed to the court.

---

[2] Form 261A corresponds with default judgments entered by the *clerk* under Rule 55(b)(1); Form 261B, corresponds to entry by the *court* under Rule 55(b)(2). The instructions accompanying Forms 261A and 261B make this clear. *See, e.g.*, U.S. Courts Rules and Policies: Instructions, Form B261A *available at http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Bk%20Forms%2008%20Dir%20Instructions/Form_261A_INSTR_Judgment_by_Default_1208.pdf*.

To be sure, Keeley could have moved the court to "alter or amend [her] judgment" under Rule 59(e), but such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); *see Pogor*, 135 F.3d at 388 (holding that a party must use Rule 59(e)—not Rule 60(a)—to alter relief granted in a judgment). Keeley concedes that she is well beyond this 28-day period, and, in any event, she did not seek to alter her judgment under Rule 59(e). Rule 60(a) is an inappropriate procedural mechanism to effectuate the change Keeley seeks, and she cannot now use it as a means of circumventing the timing requirements of Rule 59.

Keeley also argues that the bankruptcy court erred in finding that the relief she seeks is a "significant, separate form of relief" and thus beyond Rule 60(a). But the court correctly concluded that the amendment would affect Grider's "substantive rights" and lead to a result very different from the one intended when the judgment was entered. *See Olle*, 910 F.2d at 363–64. Establishing the validity and amount of a debt is vastly different from establishing the non-dischargeability of that debt.

Finally, Keeley argues that in light of Federal Rule of Bankruptcy Procedure 9009 she did not alter the form she submitted to the clerk, which did not say "non-dischargeable" on it. This argument fails; Rule 9009 expressly states bankruptcy forms shall be used "with alterations as may be appropriate," and Keeley actually altered the form she submitted in other respects. Fed. R. Bankr. P. 9009.

## IV.

For the foregoing reasons we AFFIRM the district court's order.