**IN RE: James A. FUNDAKOWSKI, Debtor**

**Kenneth Fratantuono and Sharon Fratantuono, Plaintiffs**

**v.**

**James A. Fundakowski, Defendant**

**BK No: 15-12227**
**A.P. No. 16-01003**

United States Bankruptcy Court, D. Rhode Island.

Signed September 12, 2016

Frederick A. Costello, Flaherty Butter-field & Costello, Warwick, RI, for Plaintiffs.

James A. Fundakowski, pro se.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (this relates to Doc. ## 10, 19, 21)

Diane Finkle, U.S. Bankruptcy Judge

Plaintiffs Kenneth Fratantuono and Sharon Fratantuono move for entry of default judgment ("Motion," Doc. #21) on their Amended Complaint to Determine Dischargeability of Debt ("Amended Complaint," Doc. #10) filed against Debtor-Defendant James A. Fundakowski. The Amended Complaint asks this Court to determine that Mr. Fundakowski's debt to the Plaintiffs is not dischargeable pursuant to Bankruptcy Code §§ 523(a)(2)(A) and 523(a)(4).[1] The Amended Complaint was served on Mr. Fundakowski in accordance with the Federal Rules of Bankruptcy Procedure, he failed to timely file a response to the Amended Complaint, and an entry of default (Doc. #19) was entered against him in accordance with Rule 7055.

While entry of default precludes Mr. Fundakowski from contesting the well-plead facts of the Amended Complaint, it does not establish the legal sufficiency of the Plaintiffs' claims. In other words, Mr. Fundakowski is not held to have admitted facts not well-plead or conclusions of law. *Nishimatsu Const. Co.,*

---

1. Unless otherwise indicated, the terms "Bankruptcy Code," "chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C.§§ 101, *et seq.*

*Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). The Amended Complaint must allege a legally valid claim grounded in well-plead facts for the requested relief to be granted. *In re D'Alessandro*, No. 11–41573–MSH, 2013 WL 1385745, at *4 (Bankr.D.Mass. Apr. 4, 2013). In addition, because fraud is alleged, the Court must carefully evaluate the evidence presented to ensure the Plaintiffs have presented a prima facie case. *Keeley v. Grider*, 590 Fed.Appx. 557, 560 (6th Cir.2014). "Claims of fraud must also satisfy a heightened pleading standard by describing the circumstances constituting fraud with particularity." *CAMOFI Master LDC v. Riptide Worldwide, Inc.*, No. 10 CIV. 4020 (CM) (JLC), 2012 WL 6766767, at *7 (S.D.N.Y. Dec. 17, 2012). An insufficient complaint may result in denial of default judgment. *In re Fuentes*, 474 B.R. 497, 500 (Bankr.S.D.Tex.2012).

The Amended Complaint asserts claims pursuant to § 523(a)(2)(A) ("Count I") and § 523(a)(4) ("Count II"). While Count I does allege a legally valid claim grounded in well-plead facts, Count II does not. Therefore, the Court will grant the Motion as to Count I and deny the Motion as to Count II.

### Count I

■ Section 523(a)(2)(A) states that a debtor is not discharged from any debt for money "obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." For § 523(a)(2)(A) to apply, a creditor must show that: (1) the debtor made a knowingly false representation or one made in reckless disregard of the truth; (2) the debtor intended to deceive, i.e. scienter; (3) the debtor intended to induce the creditor to rely upon the false statement; (4) the creditor actually relied upon the misrepresentation; (5) the creditor's reliance was

justifiable; and (6) the reliance on the false statement caused damage. *See McCrory v. Spigel*, 260 F.3d 27, 32 (1st Cir. 2001); *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir.1997). The Amended Complaint alleges facts sufficient to satisfy each of these elements, therefore it alleges a legally valid claim and the requested relief is granted. Judgment shall enter in favor of the Plaintiffs, and Mr. Fundakowski's debt to them, as evidenced by the state court judgment attached to the Amended Complaint in the amount of $30,758.80 plus interest and costs, shall not be discharged. Note that this amount includes the punitive damages awarded by the state court in the amount of $7,500.00. *See In re Grenier*, No. 07–1131, 2009 WL 763352, at *9 (Bankr.D.Mass. March 19, 2009) (citing *Cohen v. de la Cruz*, 523 U.S. 213, 221, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (holding that § 523(a)(2)(A) "excepts from discharge all liability arising from the debtor's fraud, including punitive damages assessed under state law")).

### Count II

■ Section 523(a)(4) states that a debtor is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Motion argues the Amended Complaint alleges facts that satisfy the embezzlement prong of § 523(a)(4). Embezzlement under § 523(a)(4) is "the fraudulent conversion of the property of another by one who is already in lawful possession of it." *In re Sherman*, 603 F.3d 11, 13 (1st Cir.2010). It requires proof that "(i) property in the perpetrator's lawful possession but (ii) belonging to another (iii) was appropriated by the perpetrator in a manner inconsistent with the property rights of the other and the scope of his or her authorization to deal with the property (iv) with fraudulent intent." *In re McQuillin*, 509 B.R. 773, 785 (Bankr.D.Mass.2014) (citing

*In re Sherman,* 603 F.3d at 13). Here, the Amended Complaint does not allege that property in Mr. Fundakowski's possession belonged to the Plaintiffs and was misappropriated by Mr. Fundakowski; rather, the Amended Complaint alleges that the Plaintiffs entered into a construction contract with Mr. Fundakowski, and that after receiving the bulk of the payment under that contract Mr. Fundakowski failed to fulfill his end of the bargain, breaching the contract. As established above, these allegations, combined with the allegations of misrepresentations made by Mr. Fundakowski, fall squarely within the bounds of § 523(a)(2)(A), but they do not satisfy the requirements for embezzlement under § 523(a)(4). *See In re Grenier,* 2009 WL 763352, at *10 ("Courts have determined debts nondischargeable under section 523(a)(2)(A) involving construction contracts, when the debtor intentionally misrepresents a material fact or qualification.") (quoting *Stevens v. Antonious (In re Antonious),* 358 B.R. 172, 183 (Bankr. E.D.Pa.2006)); *see also Collier on Bankruptcy* ¶ 523.10[2] (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) ("For purposes of section 523(a)(4) it is improper to automatically assume embezzlement has occurred merely because property is missing, since it could be missing simply because of noncompliance with contractual terms.").

For these reasons, the Motion is GRANTED in part and DENIED in part, and judgment shall enter in favor of the Plaintiffs on Count I of the Amended Complaint.